J. RODGERS v. N. B. FERGUSON.

1—A clerk of the County Court, in making a transcript of a cause appealed thence to the District Court, incorporated the appeal bond in the transcript, but no entry appeared that the bond had been approved by him. *Held*, that it is to be presumed that the bond was duly approved, though not so appearing in the transcript; and there was no error in overruling a motion to dismiss the appeal in the District Court, on account of such objection to the bond.

2—This court has heretofore given the most liberal construction to the laws exempting property of citizens from forced sale, in order to effectuate the policy and purpose of such legislation.

3—The word "wagon" in the statute of November 10th, 1866, (Session Acts, 160,) is to be construed in its most general sense. It includes all four-wheeled vehicles, for whatever use employed; and, it seems, should also be understood to include drays and carts.

APPEAL from Fayette. Tried below before the Hon. T. C. Barden.

Under the jurisdiction conferred on the County Courts by the constitution and laws of 1866, this suit was commenced in the County Court of Fayette, and from that court to the District Court by appeal.

As the material facts are clearly indicated in the opinion, and as the rulings turn upon the construction of statutes, it is not necessary to detail the evidence in the record.

*J. R. Burns*, for the appellant.

*W. R. Jarmon*, for the appellee.

DENNISON, J.—This case was commenced by the plaintiff in the County Court of Fayette county. In his petition he alleged that the defendant, as sheriff of said county, on the 17th of April, 1868, levied on a wagon and double harness belonging to him, and on the 23d of May, in the same year, sold them under execution; that said wagon and harness were exempt from forced sale, and claimed damages for such alleged illegal sale. The defendant appeared and answered: A trial was had and a verdict and judgment was rendered for the defendant; from this judgment the plaintiff appealed to the District Court, where, at the Fall term, 1868, there was a mistrial. At the Spring term, 1869, a verdict and judgment was again rendered in favor of the defendant, from which judgment plaintiff appeals to this court.

There was, *in limine*, in the District Court a motion to dismiss the appeal from the County Court, on the ground that the appeal bond was insufficient, and that it had not been approved by the clerk. The amount to be secured was only the costs of court, and the penal sum in the bond was ample for that purpose. The clerk having incorporated the bond in the transcript and sent it up to that court, it is to be presumed that the original was approved by him, and that he neglected to transcribe such approval. The motion was, therefore, rightly overruled.

This court has heretofore given the most liberal construction to laws exempting the property of *citizens* from forced sales. (See Cobbs v. Coleman, 14 Tex., 595.) In this case the words " one horse," in the statute of 1839, (Hart. Dig., 1270,) were construed to include also in the exemptions bridle, saddle, stake rope and martingale, although they are not mentioned in the statute. A strict construction would have exempted only the naked horse mentioned. The liberal construction adopted by this court includes in the exemption all the articles necessary for the use of the horse. By parity of reasoning, the word " wagon," in the statute of November 10, 1866, (Laws of 1866, p. 160,) should be construed in its popular and most general sense, and should include all four-wheel vehicles, whether

covered or placed upon springs, and for whatever use they may be employed, whether for the transportation of property or persons. The intention of the Legislature was to protect all *laboring citizens* in the pursuit of their occupations, and a correct construction of the law would seem to protect the drayman and cartman in the possession of their vehicles, although they do not come within the strict definition of the word "wagon." In the case at bar, the evidence is clear that the vehicle in controversy was used by its owner sometimes as a hack for the transportation of passengers, and sometimes as a wagon for the transportation of wood, cotton and corn ; and whether used for the one purpose or the other, it was evidently the intention of the Legislature that it should be exempt from forced sale. It was also proved that it was the only four-wheel vehicle owned by him or under his or his family's control. It appears from the evidence that the defendant sold the property contrary to the remonstrance of the plaintiff, remarking, at the same time, that " he would sell, because he was amply indemnified;" and it also appears that the lowest estimate made by the witnesses of the value of the wagon and harness was $75, and that the damages sustained by being deprived of the use of the wagon was $1 per day. The plaintiff, in his petition, claims damages to the amount of $310.

It appears from the record that this case has been *three* times submitted to a jury, and that in each of these trials the evidence was clear and the charge of the court explicit in favor of plaintiff, yet two of these juries have given verdicts against the plaintiff, and one made a mistrial (not being able to agree). A motion for a new trial was made by plaintiff in the court below upon the ground that the verdict was contrary to law and the charge of the court. The motion was wrongfully overruled, therefore the judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.