## PICKENS et al. v. PICKENS et al.
### No. 12698.

Court of Civil Appeals of Texas. Fort Worth.
June 18, 1932.

Rehearing Denied Sept. 24, 1932.

Berry, Warlick & Gossett, of Vernon, for appellants.

Davenport & Crain and T. R. Boone, all of Wichita Falls, for appellees.

## DUNKLIN, J.

While working as an employee of the Waggoner Refining Company, Mell Pickens sustained an injury. That company carried an insurance policy with the Associated Indemnity Corporation under the Workmen's Compensation Law of the state, and the above-entitled suit involves adverse claims to the compensation paid by the indemnity company for that injury; Mrs. Melba Ruth Pickens Tabor, Paul Pickens, and Louise Pickens, the children of Mell Pickens by a former marriage, being plaintiffs in the case and claiming the compensation, which was also claimed by the defendant Mrs. Mell Pickens, surviving wife of Mell Pickens, deceased. The case was tried on an agreed statement of facts, shown in the trial judge's findings of fact and conclusions of law, which are as follows:

"I find from agreement of counsel made in open court the following facts:

"It is agreed by all parties hereto, that Mell Pickens, during his lifetime, filed suit against the Associated Indemnity Corporation, one of the defendants herein for compensation under the Workmen's Compensation Act growing out of an injury.

"That this case, in due time and in the manner provided by law, reached the United States District Court, on March 27th, 1931, suggestion was made to the United States District Court of the plaintiff, Mell Pickens, being of unsound mind, and Judge William H. Atwell, as Judge of said court, adjudicated that he was of unsound mind, and appointed Mrs. Mell Pickens, the wife of Mell Pickens, as next friend, for the purpose of said suit and adjudication of the cause of action.

"That thereafter judgment was entered in the United States District Court, as per copy here introduced, marked exhibit No. 1; which judgment was duly entered in the United States District Court, on the 27th day of March, A. D. 1931, the judgment provided in substance that one-fourth of $4,500.00 was to be paid to Davenport and Crain, in the sum of $1,125.00 and that out of the balance of said $4,500.00, $1,000.00 should be deposited in the City National Bank of Wichita Falls, Texas, to there remain for a period of six months or longer, under the terms of an agreement as per copy of agreement hereto introduced in evidence, marked Exhibit No. 2.

"That on April 2nd, some five days after the entry of the judgment, three checks in conformance with this decree or judgment was delivered to John Davenport, attorney of record for Mell Pickens, and Mrs. Mell Pickens, as next friend of Mell Pickens.

"Upon the delivery of the checks, a requisite was made of Mr. Davenport as attorney of record for the parties, in said judgment in the United States District Court, and upon delivery of these three checks to John Davenport, then at that time, on April 2nd, 1931, Davenport receipted the amount in full, in so far as the Associated Indemnity Corporation was concerned, and marked said judgment 'paid in full'; signed it as attorney of record, for the plaintiffs, or the complainant.

"That thereafter on April 9th, 1931, Mell Pickens died. That prior thereto a check for $1,125.00 was cashed at the City National Bank, at Wichita Falls, Texas, on April 4th; check was paid at the home office of the Associated Indemnity Corporation, in San Francisco, California on April 10th, 1931.

"That the check for the sum of $2,375.00 having been delivered to Mr. John Davenport on April 2nd, was by him turned over to Mrs. Pickens, next friend of Mell Pickens on April 13th, 1931, and by her cashed at the City National Bank of the City of Wichita Falls, Texas, on April 14th, 1931; paid in the home office of the Associated Indemnity Corporation, on April 18th, 1931.

"That the check for $1,000.00 was returned to T. R. Boone with the endorsement thereon 'Mrs. Mell Pickens as next friend of Mell Pickens'; on or about April 15, 1931, and was by T. R. Boone and John Davenport carried to the City National Bank of the City of Wichita Falls, Texas, deposited with an escrow agreement, a copy of which has been introduced in evidence herewith, dated April 2nd, 1931, and the City National Bank was requested to cash this $1,000.00 check, and hold this money in escrow. The stamp on the check shows that it was cashed on April 16, 1931, paid by the home office of the Associated Indemnity Corporation, on April 20, 1931.

"It is further agreed that the checks in question together with the endorsements thereon, being here introduced in evidence, exhibits Nos. 3, 4 and 5.

"It is further agreed that the checks in question were paid by the Associated Indemnity Corporation, at their home office before service was made upon them or any of their agents of the injunction issued incident to this proceeding on April 24, 1931.

"It is further agreed that Mell Pickens was married twice only; that to his first marriage were born three children, the plaintiffs herein, Mrs. Melba Ruth Pickens Tabor, who is joined herein pro-forma by her husband, R. K. Tabor and Paul Pickens, the said Paul Pickens, and Mrs. Melba Ruth Pickens Tabor both being of age, and Louise Pickens, a girl nineteen years old, unmarried.

"That the said Mell Pickens, deceased, was divorced from his first wife during the year 1923.

"That the said Mell Pickens was married to the defendant in this suit during the year 1924, and that to their union no children were born, and that none are to be born to such marriage.

"It is further agreed for the purpose of this suit only, that the community debts of the defendant, Mrs. Mell Pickens, and deceased, Mell Pickens, exceeded in amount the compensation awarded to Mrs. Mell Pickens, as next friend of Mell Pickens, in the judgment hereinbefore produced.

"It is further agreed that Mrs. Mell Pickens the defendant herein, did not qualify as guardian of Mell Pickens deceased, prior to his death.

"It is agreed that Mell Pickens died on April 9th, 1931, intestate. I further find from the evidence that John Davenport, attorney of record for Mrs. Mell Pickens as next friend for Mell Pickens, delivered a check for compensation for $2,375.00 on the 13th day of April, 1931, to Mrs. Mell Pickens about four days after the death of Mell Pickens, but I further find that the check had been delivered to John Davenport, Attorney of Record for Mrs. Mell Pickens and Mell Pickens on April 2, 1931, about seven days prior to death of Mell Pickens.

"I further find that Mrs. Mell Pickens had paid out all of this money on community debts before she had been served with any citation and injunction.

"I further find that all of these debts were community debts and were contracted before the death of Mell Pickens with exception of funeral expenses.

"I further find from the evidence that there were no children born to Mell Pickens and Mrs. Mell Pickens during their marriage and that there were no children to be born after the death of Mr. Mell Pickens.

"Conclusions of Law.

"From the above facts I conclude that the law in the case is as follows:

"First: I find and so hold as matter of law that the delivery of the check to John Davenport, attorney of record for Mell Pickens and Mrs. Mell Pickens was as matter of law the delivery of check to Mell Pickens.

"Second: I further hold as matter of law

that since the compensation was paid Mell Pickens before his death that it assumed the status of ordinary community property and was subject to payment of all community debts before the heirs of Mell Pickens by his first wife, would have any interest in said community property, if the survivor so desired to pay said debts.

"Third: I hold as matter of law that said compensation having been paid to Mell Pickens before his death would assume the status of ordinary community property and would not be exempt from payment of community debts of deceased and wife Mrs. Mell Pickens if the survivor so elected to pay said community debts which in this sum she did."

The compensation so paid to Mell Pickens some seven days prior to his death was community property of himself and his surviving wife. Article 4619, Revised Civil Statutes of 1925, as amended by the 40th Legislature Acts, chapter 148, p. 219 (Vernon's Ann. Civ. St. art. 4619). And upon his death one-half of it passed by inheritance to the plaintiffs and the other one-half passed to Mrs. Mell Pickens, the defendant, under the provisions of article 2578, Revised Civil Statutes, 1925.

The principal and controlling question presented on this appeal is whether the compensation collected by Mell Pickens was, after his death, subject to the payment of community debts owing by him at the time of his death, as contended by the defendant Mrs. Mell Pickens; or whether the same was exempt from the payment of those debts, as contended by the plaintiffs.

Section 3, art. 8306, of the Workmen's Compensation Law, contains this provision: "All compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except as otherwise herein provided, and any attempt to assign the same shall be void."

In several succeeding sections of the same article the amount of compensation is fixed for loss of limbs, eyesight, hearing, and for permanent and partial incapacity to labor resulting to an employee and collectable by him for an injury which does not result in death.

Section 8 of the same statute creates liability to the legal beneficiaries of a deceased employee in the event of his death resulting from an injury while engaged in the service of his employment. And section 8a makes such compensation payable to the surviving wife, children, and certain other relatives of the deceased employee, followed by this provision: "And the amount recovered thereunder shall not be liable for the debts of the deceased nor the debts of the beneficiary or beneficiaries and shall be distributed among the beneficiaries as may be entitled to the same

as hereinbefore provided according to the laws of descent and distribution of this State; provided the right in such beneficiary or beneficiaries to recover compensation for death be determined by the facts that exist at the date of the death of the deceased and that said right be a complete, absolute and vested one. Such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of this State, or to their guardian or next friend, in case of lunacy, infancy or other disqualifying cause of any beneficiary."

The rights of the parties are not to be determined by sections 8 and 8a, just referred to, since the judgment of the federal court necessarily implies that the compensation paid to Mell Pickens was for an injury which did not result in his death. Under the quoted provisions of section 3 it is clear that the compensation collected by Mell Pickens under the judgment of the federal court was exempt from the enforced payment of all his debts, including community debts, and that exemption continued up to the date of his death. The question then is whether that exemption ceased upon the death of Mell Pickens or whether it continued after the compensation passed to his widow and children under the statute of descent and distribution, article 2578. In Gaddy v. First National Bank, reported in 115 Tex. 393, 283 S. W. 472, 473, it was held that money which had been collected and deposited in a bank by Lee, as compensation to him under the Workmen's Compensation Law for injuries which had been sustained by him as an employee of a subscriber under the law, could not by garnishment proceedings be subjected to the payment of a judgment which J. H. Gaddy had theretofore recovered against Lee for debt; and in the opinion of the Supreme Court in that case the following was quoted with approval from the opinion of the Commission of Appeals:

"It is contended by counsel for appellant that this article should be construed as follows:

" 'Compensation insurance under the Workmen's Compensation Act of Texas is exempt from garnishment, attachment, judgment, and all other suits or claims, so long as same is in the hands of the insurance company or in the process of payment; but after it comes into the hands of the party entitled thereto, it loses such exemption as a matter of law.'

"The statute itself includes no such limitations as contended for by counsel aforesaid. But they say it should be so construed, and such limitations so added to the statute, because of constructions heretofore given by the courts to the current wage law, * * * the homestead exemption law, * * * and the

federal pension statute. * * * They cite no case in point under a compensation act."

Then follows the conclusion reached that the contention so made could not be sustained since the act was entirely clear and unambiguous, and since it provided that *all* compensation allowed thereunder should be exempt and that the court was unwilling to amend the act by inserting therein the limitation contended for, particularly when the amendment would practically destroy the beneficial effect of the exemption. And as indicative of such intention on the part of the Legislature in enacting section 3 of article 8306, reference was made to the exemption provided for in section 8a for compensation recovered by beneficiaries named in that section on account of the death of an employee; with the further observation that it is a universal rule that statutes giving the right of exemption to a debtor receive the most liberal construction in his favor; and that when the intention of the Legislature is manifested by the exact language of a statute, it is the duty of the courts to enforce it, they having nothing to do with the wisdom or unwisdom of such legislation.

To the same effect was the decision in Frierson & Co. v. Union National Bank (Tex.Civ. App.) 285 S.W. 941.

In Moore v. Lumbermen's Reciprocal Association (Tex.Com.App.) 262 S. W. 472, it appeared that Pete Sanders was killed while working for a subscriber under the Workmen's Compensation Law, leaving surviving him his wife, Minnie Sanders, and an expectant child. After his death, Minnie Sanders collected a part of the compensation allowed by section 8a of article 8306, and then died one day after the death of the child. Thereafter, Ed L. Moore and his wife, Alice Moore, the father and mother of Minnie Sanders, sued to recover the balance of the compensation to which Minnie Sanders would have been entitled had she lived. In the opinion of the Commission of Appeals it was held that the plaintiffs were entitled to recover, and further held that it was not necessary that as a predicate for maintaining their suit they should allege and show that there had been no administration upon the estate of Minnie Sanders or no necessity therefor, since under the provisions of section 8a of article 8306, the compensation due Minnie Sanders was not liable for her debts and therefore was not a part of her estate which was subject to administration for the payment of her debts.

In McDonald v. Texas Employers' Insurance Ass'n (Tex. Civ. App.) 267 S. W. 1074, and Texas Employers' Insurance Association v. Morgan (Tex. Com. App.) 295 S. W. 588, it was held that compensation allowed by the statute to the beneficiaries of an employee who has sustained an injury resulting in his death never becomes a part of the estate of

the deceased, but is the exclusive property of the beneficiaries. See Smith v. Southern Surety Co. (Tex. Civ. App.) 193 S. W. 204; L. R. A. 1918F, 566, note.

Article 3314, Revised Civil Statutes, reads as follows: "When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject however, to the payment of the debts of the testator or intestate, except such as may be exempted by law; and, whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exceptions aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law."

■ It is a general rule that the Workmen's Compensation Act and all other exemption laws are liberally construed in favor of beneficiaries. American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949; Rodgers v. Ferguson, 32 Tex. 533.

■ As indicated already, we concur in the contention made by counsel for appellee Mrs. Mell Pickens that the right of the plaintiffs, if any they have, to one-half of the compensation paid to Mell Pickens, accrued to them under the statute of descent and distribution, and not as beneficiaries under the Workmen's Compensation Law; and that Mell Pickens himself was the only beneficiary entitled to such compensation under that law because the injury for which it was paid did not result in his death. It is also true, as held in Albrecht v. Albrecht (Tex. Civ. App.) 35 S. W. 1076, 1078, that as a general rule the survivor of the marital relation has authority after the death of the deceased spouse to apply community property to the payment of community debts. But that rule is applicable only when the property to be so used is subject to the payment of such debts and is not exempt therefrom by law.

■ We do not believe that the fact that plaintiffs' right to one-half the compensation arose under the statute of inheritance could have the effect to destroy the exemption of that compensation from community debts of the deceased which undoubtedly existed at the time of his death. That exemption was created by section 3 in language which is clear and specific and without any limitation or condition which would give room for construction that it was intended that the exemption should continue only during the life of the employee. And as held in the Gaddy Case, the courts have no authority to so qualify or limit that statutory provision.

The exemption covered every property right which Mell Pickens had in the compensation awarded to him and necessarily included not only the right to enjoy it while he lived, but the further right to pass it on to the members of his family by will or under the laws of descent and distribution in case he died intestate. According to the common experience of mankind, which is known to all men, one of the strongest inducements to accumulate property is the purpose to leave it to one's family after death; and since the right to so provide for their necessities is a property right, it would be unreasonable to say that the statutory exemption in question did not include in its operation that property right in Mell Pickens as well as his right to enjoy the compensation awarded to him during his lifetime.

It is our conclusion that the compensation awarded to Mell Pickens was, after his death, exempt from the payment of all the debts he owed at the time of his death, including community debts, and that Mrs. Mell Pickens had no lawful right to appropriate plaintiffs' half of it towards the payment of the community debts of her deceased husband.

Accordingly, the judgment of the trial court is reversed, and judgment is here rendered in favor of the appellants, plaintiffs in the court below, share and share alike, against Mrs. Mell Pickens for the sum of $1,687.50, which is one-half of the total amount received by her as next friend of Mell Pickens in the federal court, with interest thereon from August 3, 1931, the date of the judgment below, at the rate of 6 per cent. per annum; with the right to collect the $1,000 deposited in the City National Bank in escrow, as shown in the agreed statement of facts, to be applied as a credit in favor of Mrs. Mell Pickens on the judgment so rendered against her.

The judgment rendered by the trial court in favor of the Associated Indemnity Corporation, who was also made a defendant in the suit, and of which judgment no complaint is made here, is left undisturbed. And it is to be noted further that plaintiffs made no claim to the amount that was awarded to Messrs. Davenport & Crain for their services in procuring the judgment of the federal court, and they were not made parties to the suit.

All costs of suit in the trial court and in this court are taxed against appellee Mrs. Mell Pickens.