## ILLICH v. HOUSEHOLD FURNITURE CO. et al.

### No. 3520.

Court of Civil Appeals of Texas. El Paso.

April 1, 1937.

Rehearing Denied April 15, 1937.

Ocie Speer, of Austin, and Church & Steger, of San Antonio, for appellant.

Arnold & Cozby, of San Antonio, for appellees.

HIGGINS, Justice.

This case is accurately and concisely stated in appellees' brief as follows:

"1st: This is a garnishment suit filed by the appellant, Mrs. Augusta Illich, against the Household Furniture Company, Garnishee, to subject the rents from a building which is the separate property of the wife, Stella Cook Wessels, to the payment of the judgment hereinafter described, which is a judgment against the husband, Andrew B. Wessels.

"2nd: The appellant, Mrs. Augusta Illich, recovered a judgment against Andrew B. Wessels on October 28th, 1935, in the 73rd District Court of Bexar County, Texas, in the sum of $8,092.90. The said judgment is based upon the following liability: Andrew B. Wessels and Augusta Illich were husband and wife on October 1st, 1931, but a divorce was contemplated and accordingly a written contract was made by virtue of which Andrew B. Wessels agreed to pay Augusta Illich, who was then his wife, $300.-00 per month, payable on the 10th day of every month, until she should remarry or die. The above mentioned judgment represented unpaid installments of $300.00 per month for the months beginning July 10, 1933 to and including July 10, 1935, plus $592.90 interest on past due installments.

"3rd: Augusta Illich and Andrew B. Wessels were divorced and thereafter, on December 6th, 1932, Andrew B. Wessels married Stella Cook Wessels, who owns as her separate property the building which produced the rents which appellant seeks to reach by this garnishment suit.

"4th: Based upon the above judgment, Augusta Illich filed this garnishment suit against the Household Furniture Company, to reach the rents owing by the Household Furniture Company. Stella Cook Wessels made herself a party to this garnishment suit, and urged the contention that the rents from her separate real estate are exempt by the Statutes of Texas, from the payment of any debt of her husband, Andrew B. Wessels. The trial court sustained this contention and rendered a judgment against the appellant, Augusta Illich."

The question at issue is controlled by article 4616, R.S., which reads: "Neither the separate property of the wife, nor the rents from the wife's separate real estate, nor the interest on bonds and notes belonging to her, nor dividends on stocks owned by her, nor her personal earnings, shall be subject to the payment of debts contracted by the husband nor of torts of the husband."

This is an exemption statute. It exempts the wife's separate property and the income therefrom of the character stated from being subjected to the payment of debts contracted by the husband and for the husband's torts. Appellant treats the statute as one of exemption, but asserts the rents here involved belong to the community estate of Mr. and Mrs. Wessels, and the statute is to be construed as limiting the exemption of such income from the payment of debts of the husband contracted after marriage and not to debts contracted before marriage. In other words, appellant would interpret the statute as exempting the rents from the wife's separate property from the payment of the husband's postnuptial debts, but subject the same to the payment of his antenuptial debts.

Exemption statutes are to be liberally construed so as to carry into effect the purpose of the statute. Malone v. Kennedy (Tex.Civ.App.) 272 S.W. 509; Pickens v. Pickens (Tex.Civ.App.) 52 S.W.(2d) 1087; American Ind. Co. v. Dinkins (Tex.Civ. App.) 211 S.W. 949; Rodgers v. Ferguson, 32 Tex. 533, 534.

It would be unreasonable to impute to the Legislature, in the enactment of article 4616, an intention to subject the rents from the wife's separate property to the payment of the husband's antenuptial debts and exempt such rents from the payment of community postnuptial debts of the husband, because the wife is much more likely to enjoy the benefits of postnuptial debts than the benefits of antenuptial debts.

The statute exempts such rents from the "payment of debts contracted by the husband." This language is plain and unambiguous. It is broad and makes no distinction between antenuptial and postnuptial debts. No such distinction can properly be implied. The judgment of the trial court is correct.

We will not undertake to review the various cases cited in the briefs. None of the cases cited by appellant support the view that the rents here involved may be subjected to the payment of the judgment in appellant's favor. Nor are any of the cases cited by appellee directly in point, but they do generally support the view that the rents of Mrs. Wessels' separate property are not subject to the payment of the judgment against her husband based upon his ante-

nuptial debt. See the following: Hawkins v. Britton State Bank, 122 Tex. 69, 52 S.W. (2d) 243; In re Gutierrez (D.C.) 33 F.(2d) 987; Armstrong v. Turbeville (Tex.Civ. App.) 216 S.W. 1101; Taylor v. Murphy, 50 Tex. 291.

The judgment is affirmed.