CITIES SERVICE OIL COMPANY v. NORTH RIVER INSURANCE COMPANY ET AL.

No. 6933.  Decided July 28, 1937.
(107 S. W., 2d Series, 994.)

*Phillips, Trammell, Chizum, Estes & Edwards, James B. Henderson,* and *Kenneth H. Jones,* all of Fort Worth, for plaintiff in error.

Since the personal clothing of a family or the head of a family is not exempt from garnishment or execution by statute or Constitution, the Court of Civil Appeals erred in holding such personal property or the insurance therefrom exempt. Only such exemptions as are specifically provided by statute may be allowed by the court. Howard v. Marshall, 48 Texas 479; In re Campbell, Recr., v. Cook, 86 Texas 634; 25 C. J. 42.

*H. D. Payne,* of Fort Worth, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Cecil D. Gibbs, who is the real defendant in error, held a policy of insurance issued by North River Insurance Company upon his residence, household and kitchen furniture and wearing apparel. About October 1, 1932, there was a fire, causing con-

siderable loss and damage. The matter was adjusted between him and the insurance company by agreement, the loss being fixed at $1,250.00. Of this amount $550.00 was agreed upon as damage to the homestead. Of the balance it was agreed that $211.50 covered loss of wearing apparel.

On November 14, 1932, plaintiff in error, Cities Service Oil Company, sued Cecil D. Gibbs upon an indebtedness of $1,218.42 and caused a writ of garnishment to be served upon North River Insurance Company. The suit against Gibbs resulted in a judgment in favor of plaintiff in error for $1,197.12. Upon trial of the garnishment proceeding it was agreed that the proceeds of the insurance, other than the $211.50 covering wearing apparel, were exempt, and same were released from the lien of the writ. The trial court held that as the wearing apparel of Gibbs and his wife and minor son destroyed by the fire was exempt to the family by virtue of Article 3832, R. S. 1925, the proceeds of insurance thereon were likewise exempt. A recovery of the $211.50 by virtue of the writ of garnishment was denied plaintiff in error, and upon this part of the case an appeal was prosecuted by it. The Court of Civil Appeals affirmed the judgment of the trial court. 82 S. W. (2d) 184. The sole question for decision is whether or not the wearing apparel was by virtue of the statute exempt to the family at the time of the fire.

■ It seems to be universally recognized that exemptions are of constitutional and statutory origin. It follows, of course, that when the Legislature has enumerated the items of exempt property this excludes exemptions by implication, except as it may be said that things necessary for the use and enjoyment of the exempted items are also exempt. The necessity for expressly exempting wearing apparel by statute was recognized at an early date. As early as 1870 the Legislature exempted to all persons not constituents of a family "all wearing apparel." See Article 3835, R. S. 1925. The exemptions to a family prior to the Act approved May 6, 1935, did not include wearing apparel. We do not know why this was true, but if the Legislature considered that it was necessary to expressly enumerate wearing apparel in providing for exemptions to persons not constituents of a family, it becomes highly significant that this item was omitted in creating exemptions for a family. However, so far as legislative construction of the matter is concerned, the question was put to rest by the Act of the 44th Legislature, Chapter 145, approved May 6, 1935. By that Act the Legislature added "all wearing apparel" to the list of exempted articles allowed to a family. The emergency clause expressly recognized the dis-

tinction in the law between a single man and a family in the matter of the exemption of wearing apparel.

It is true exemption laws are liberally construed, but by no process of construction could the statute, prior to the belated enactment by the Legislature above mentioned, be made to include wearing apparel. This holding does not necessarily mean, as counsel for defendants in error seems to argue, that the courts would sanction the right to strip members of a family of all clothing. The dictates of civilized society would prevent that and save persons from harmful and embarrassing exposure. However, the courts would not thereby create an "exemption" within the meaning of the law, but would merely preserve to the citizen sufficient apparel for protection. No such situation is presented here. The loss of wearing apparel suffered by defendant in error and his family was caused by fire, and it is not contended that unless the Court reads into the statute an exemption not contained therein, it would be necessary for them to suffer from exposure or to violate the requirements of civilized society. The apparent necessity for an exemption of wearing apparel does not justify courts in creating such an exemption, even though the Legislature may have long delayed in doing what may appear to have been an obvious duty.

The judgments of the Court of Civil Appeals and of the trial court are reversed, and judgment is here rendered in favor of plaintiff in error for the said sum of $211.50 within the custody of the court.

Opinion adopted by the Supreme Court July 28, 1937.