943 F.2d 1451
 25 Collier Bankr.Cas.2d 1006, Bankr. L. Rep. P 74,319
In the Matter of J.A. VOLPE and Rita A. Volpe, Debtors.
NCNB TEXAS NATIONAL BANK and Marsha G. Kocurek, Trustee, Appellants,
v.
J.A. VOLPE and Rita A. Volpe, Appellees.
 No. 90-8496.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 15, 1991.
 
 Harvey D. Caughey, Austin, Tex., for Kocurek.
 Joanalys B. Smith, Thomas T. Rogers, Small, Craig & Werkenthin, Austin, Tex., for NCNB.
 William C. Davidson, Jr., Austin, Tex., for appellee.
 Appeals from the United States District Court for the Western District of Texas.
 Before JOHNSON and WIENER, Circuit Judges.*
 JOHNSON, Circuit Judge:
 
 
 1
 NCNB Texas National Bank ("NCNB") and Marsha G. Kocurek ("Kocurek") appeal the decision of the bankruptcy court and the district court that the debtors, Dr. J.A. Volpe and Rita A. Volpe ("the Volpes"), can exempt the funds in a profit sharing plan and seven individual retirement accounts from their bankruptcy estate. Unable to conclude that the bankruptcy court or the district court committed reversible error, this Court affirms.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 2
 On June 28, 1988, Dr. J.A. Volpe and Rita A. Volpe filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. At the time, Dr. Volpe was an employee of the Austin Diagnostic Clinic, Inc., which was the settlor of the Austin Diagnostic Clinic Profit-Sharing Plan. The Volpes claimed that, under section 42.0021 of the Texas Property Code, their interest in the profit sharing plan was exempt from their bankruptcy estate. In addition, the Volpes claimed that their interest in seven individual retirement accounts was exempt from their bankruptcy estate. Marsha Kocurek, the bankruptcy trustee, and NCNB, the Volpes' principal creditor, objected to these claimed exemptions. The bankruptcy court ruled, however, that the Volpes could claim the exemptions for the profit sharing plan and the individual retirement accounts. In re Volpe, 100 B.R. 840, 855 (Bankr.W.D.Tex.1989). The district court likewise upheld the exemptions. 120 B.R. 843.
 
 II. DISCUSSION
 
 3
 The United States Bankruptcy Code provides that, upon the commencement of a bankruptcy case, all legal and equitable interests of a debtor in property become part of the bankruptcy estate. 11 U.S.C. § 541 (1988). The Code permits the debtor to exempt certain property from the bankruptcy estate. Id. § 522. Section 522(b)(1) of the Bankruptcy Code, for instance, entitles a debtor to exempt certain property specified in section 522(d) of the Code. Id. § 522(b)(1). Section 522(b)(2) authorizes each state to create a separate list of exemptions that a debtor can claim. Id. § 522(b)(2).
 
 
 4
 Pursuant to section 522(b)(2) of the Bankruptcy Code, the Texas legislature has created a separate list of exemptions. A Texas debtor can elect either these state exemptions or the federal exemptions in section 522(d) of the Bankruptcy Code. If a Texas debtor elects the state exemptions, then the debtor can exempt pension plans and individual retirement accounts from her bankruptcy estate. At the time that the Volpes entered bankruptcy, section 42.0021 of the Texas Property Code provided:
 
 
 5
 (a) In addition to the exemption prescribed by Section 42.001, a person's right to the assets held in or to receive payments, whether vested or not, under a stock bonus, pension, profit-sharing, annuity or similar plan or contract, including a retirement plan for self-employed individuals, or under an individual retirement account or an individual retirement annuity, including a simplified employee pension plan, is exempt from attachment, execution, and seizure for the satisfaction of debts unless the plan, contract, or account does not qualify under the applicable provisions of the Internal Revenue Code of 1986. A person's right to the assets held in or to receive payments, whether vested or not, under government or church plan or contract is also exempt unless the plan or contract does not qualify under the definition of a government or church plan under the provisions of the federal Employee Retirement Income Security Act of 1974.
 
 
 6
 (b) Contributions to an individual retirement account that exceed the amounts deductible under the applicable provisions of the Internal Revenue Code of 1986 and any accrued earnings on such contributions are not exempt under this section unless otherwise exempt by law.
 
 
 7
 Tex.Prop.Code Ann. § 42.0021 (Vernon Supp.1989). This provision allows debtors to exempt various retirement accounts from their bankruptcy estates, including stock bonus, pension and profit sharing plans and annuities.
 
 
 8
 NCNB and Kocurek raise two arguments. First, they contend that the Employee Retirement Income Security Act of 1974 ("ERISA") preempts section 42.0021 of the Texas Property Code and, therefore, precludes the exemption of the funds in the Volpes' profit sharing plan and individual retirement accounts. Second, they contend that, even if ERISA does not preempt section 42.0021 of the Texas Property Code, section 42.0021 permits the Volpes to exempt the funds in only one of their individual retirement accounts. We address these arguments in turn.
 
 
 9
 ERISA Preemption. Our opinion today in Heitkamp v. Dyke, 943 F.2d 1435 (5th Cir.1991), forecloses the appellants' argument that ERISA preempts section 42.0021 of the Texas Property Code. In Heitkamp, we determined that, while section 42.0021 "relates to" employee benefit plans, ERISA section 514(d) saves the Texas statute from preemption. ERISA section 514(d) provides that "[n]othing in [ERISA] shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States ... or any rule or regulation issued under any such law." 29 U.S.C. § 1144(d) (1982 & Supp. V 1987). Reasoning that preemption of section 42.0021 would "modify" and "impair" the enforcement scheme of the United States Bankruptcy Code, we concluded that ERISA does not preempt section 42.0021.
 
 
 10
 Multiple Individual Retirement Accounts. This Court must apply the law in effect at the time that the debtors entered bankruptcy. At the time that the Volpes entered bankruptcy, all of the references in section 42.0021 were singular--the section provided that "a" plan or "the" plan is exempt property. Tex.Prop.Code Ann. § 42.0021 (Vernon Supp.1989). Interpreting the language in section 42.0021 literally, NCNB and Kocurek argue that the Volpes could not exempt more than one of their individual retirement accounts. Their argument lacks merit.
 
 
 11
 Texas courts apply a liberal rule of construction to state exemption statutes. See, e.g., Cities Serv. Oil Co. v. North River Ins. Co., 130 Tex. 186, 107 S.W.2d 994, 995 (Tex.Comm'n App.1937, opinion adopted) ("exemption laws are liberally construed"); Carson v. McFarland, 206 S.W.2d 130, 132 (Tex.Civ.App.--San Antonio 1947, writ ref'd) ("exemption laws should be liberally construed ... and should never be restricted in their meaning and effect so as to minimize their operation upon the beneficent objects of the statutes."); Illich v. Household Furniture Co., 103 S.W.2d 873, 874 (Tex.Civ.App.--El Paso 1937, writ ref'd) ("Exemption statutes are to be liberally construed so as to carry into effect the purpose of the statute."). Applying this rule of liberal construction, we conclude that section 42.0021 does not limit the number of individual retirement accounts that a debtor can claim as exempt property. The language in section 42.0021 is not clear and unmistakable. Absent language which would clearly and unmistakably limit the number of individual retirement accounts that a debtor can claim, this Court cannot construe section 42.0021 to restrict the exemption rights of the beneficent objects of the statute.
 
 
 12
 Recent amendments to section 42.0021 support our conclusion that the statute does not limit the number of individual retirement accounts that a debtor can claim. Effective September 1, 1989, the Texas legislature changed some of the language in section 42.0021: the section no longer refers to "a" plan or "the" plan, but rather refers to "any" plan. See Tex.Prop.Code Ann. § 42.0021(a) (Vernon Supp.1991) (a debtor can exempt the assets "under any individual retirement account or any individual retirement annuity"). The nature of these changes persuade us that the Texas legislature did not intend to alter the substantive effect of section 42.0021, but instead intended to clarify its original intent. The bankruptcy court and the district court, therefore, did not err in concluding that the Volpes could exempt the assets in all seven of their individual retirement accounts.
 
 III. CONCLUSION
 
 13
 Section 42.0021 of the Texas Property Code permits the debtors, Dr. J.A. Volpe and Rita A. Volpe, to exempt the funds in a profit sharing plan and seven individual retirement accounts from their bankruptcy estate. The judgment of the bankruptcy court and the district court is affirmed.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Judge Rhesa Barksdale was a member of the panel that heard oral arguments but due to recusal did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d)