IN THE

SUPREME COURT OF TENNESSEE

FOR THE

EASTERN DIVISION

SEPTEMBER TERM, 1924.

J. E. S. Poore *v.* Etta Bowlin *et al.**

(*Knoxville.* September Term, 1924.)

1. **EXEMPTIONS.** Benefit of exemption of compensation claims under Workmen's Compensation Act not denied nonresident.

Workmen's Compensation Act, section 18, exempting compensation claims from creditors, is not an exemption statute within rule that nonresidents are not entitled to benefit of exemption statutes. (*Post, pp. 417-419.*)

2. **EXEMPTIONS.** "Exemptions" are rights given by law; exemption statutes protect rights arising from law and not out of contract.

An exemption is a right given by law to retain property as against creditors, and exemption statutes, within rule that nonresidents are not entitled to benefit thereof, are limited to rights arising directly from law and not out of contract. (*Post, pp. 417-419.*)

Acts cited and construed: Acts 1919, ch. 123.

Case cited and approved: White v. Bickford, 146 Tenn., 608.

Code cited and construed: Secs. 4030, 4231 (S.).

Poore v. Bowlin.

3. **EXEMPTIONS.** Section exempting compensation under Workmen's Compensation Act from creditors includes creditors of dependents.

Workmen's Compensation Act, section 18, exempting compensation from claims of creditors, *held* to mean creditors both of employee and his dependents. (*Post, p.* 419.)

---

*Headnotes 1. Exemptions, 25 C. J., section 17 (1926 Anno); 2. Exemptions, 25 C. J., sections 1, 17; 3. Exemptions, 25 C. J., section 143a (1926 Anno).

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. Chas. Hays Brown, Chancellor.

John P. Rogers, for complainant.

Smith, Word & Anderson, for respondents.

Mr. Chief Justice Green delivered the opinion of the Court.

Ben Bowlin, the husband of defendant Etta Bowlin, was killed in a coal mine. After his death compensation was awarded to his widow under the workmen's compensation statute, chapter 123 of the Acts of 1919. The bill herein was filed by a creditor of the widow seeking to reach, in the hands of her husband's employer, payments coming to her under the statute, and to subject such funds to the discharge of her indebtedness to complainant. It was alleged that she was a nonresident of the State and an attachment issued and was levied. The

chancellor dismissed the bill and discharged the attachment. On appeal the court of civil appeals affirmed the decree of the chancellor, and the case is before us, petition for *certiorari* having been heretofore granted.

Section 18 of the Workmen's Compensation Act is in these words:

"Be it further enacted, that no claim for compensation under this act shall be assignable, and all compensation and claims therefor shall be exempt from claims of creditors."

Conceding the application of the section quoted ordinarily, counsel for the complainant contends that this provision is inapplicable here since the defendant Etta Bowlin is a resident of the State of Kentucky. He relies on the line of cases holding that nonresidents are not entitled to the benefit of our exemption statutes, and insists that section 18 aforesaid of the Workmen's Compensation Act is nothing more than an exemption statute.

This court quite recently in *White v. Bickford,* 146 Tenn., 608, 244 S. W., 49, 26 A. L. R., 129, had occasion to review the cases just mentioned. But in *White* v. *Bickford,* it was held that section 4030 and section 4231, Shannon's Code, providing that life insurance effected by a husband on his own life should inure to the benefit of his widow, children, and next of kin, free from the claims of his creditors, were not exemption statutes, and that a nonresident child was entitled to the proceeds of such a policy as against the deceased father's creditors. So we think the section of the Workmen's Compensation Act here involved is not, properly speaking, an exemption statute. An exemption is a right given by law to a debtor

to retain a portion of his property free from the claims of creditors.

The dependent of a deceased employee, however, does not derive compensation or benefits directly from the law. Such compensation or benefit arises out of contract made for the dependent by the deceased employee. A part of the contract between the deceased and his employer was that, upon the accidental death of the deceased occurring in the course of his employment, certain benefits were to be paid to deceased's dependents, free from the claims of creditors, a fixed support for such dependents. Such a provision was read into the contract of employment by the statute, but only arose as an incident to the contract.

So that the compensation going to this widow is not something that the law directly gives her or allows her to retain, as an exemption, but is something that she takes under a contract made for her benefit by her deceased husband. And it was lawful for her deceased husband to contract that this benefit should be paid directly to her, and that it should not be intercepted by her creditors. The statute frees compensation from the claims of "creditors," meaning, as we think, "creditors" not only of the employee, but "creditors" of his dependents as well.

Since, therefore, the widow takes under the contract and not under the law, it is immaterial whether she resides in Tennessee or elsewhere. These contract rights, in our opinion, are not affected by her residence.

The decree of the court of civil appeals is accordingly affirmed.