MRS. MELL PICKENS ET AL V. PAUL PICKENS ET AL.

No. 6397. Decided June 19, 1935.
(83 S. W., 2d Series, 951.)

*Davenport & Crain,* of Wichita Falls, for plaintiffs in error.

Where community property passes to the survivor of the marital relation in Texas, the survivor has the right to pay the community debts before distributing the same among the heirs of the said deceased. Albrecht v. Albrecht, 35 S. W., 1076; Gaddy v. First National Bank of Beaumont, 283 S. W., 475; Moore v. Lumbermens Reciprocal Assn., 262 S. W., 475.

*Berry, Warlick & Gossett,* of Vernon, for defendants in error.

Compensation awards are not community property, but beneficiary takes in accordance with the laws of descent and distribution as applied to community property. Security Union Cas. Co. v. Kelley, 6 S. W. (2d) 741; Texas Em. Ins. Assn. v. Wylie, 19 S. W. (2d) 595; Ezell v. Knapp & Elliott, 120 Texas, 503, 39 S. W. (2d) 829.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The following succinct statement will be sufficient for the purpose of deciding the questions of law involved:

Mell Pickens was an employee of Waggoner Refining Company, and in the course of his employment sustained an injury which was compensable under the Compensation Law of this State. Associated Indemnity Corporation was the insurer. In due time Pickens filed his claim with the Industrial Accident Board, which was allowed and payments in weekly sums ordered to be made. An appeal was taken to the district court and the cause was then removed to the Federal court. Pending the

hearing Pickens became insane and his wife, Mrs. Mell Pickens, by proper orders, was permitted to prosecute the suit as next friend. An agreed judgment was entered, by the terms of which, compensation in a lump sum to the amount of $4500.00 was allowed, with an award of $1125.00 to the attorneys. Of the balance $2375.00 was paid to Mrs. Mell Pickens as next friend prior to the death of Mell Pickens, and the remaining $1000.00 was deposited in a bank under an agreement, the check therefor having been paid by the Insurance Company prior to the death of Pickens.

For the purposes of this case, it may be said to be conceded by all parties that everything essential to a complete adjudication of the claim, resulting in a lump sum award, evidenced by judgment, with final payment and satisfaction of the judgment, was properly and legally done, so far as the claimant and the Insurance Company are concerned, prior to the death of the employee, Mell Pickens.

Within a few days after the payment of the judgment Mell Pickens died. Mrs. Mell Pickens, who prosecuted the suit as next friend, was his second wife. He had been divorced from the first wife in the year 1923. By his first wife he had three children, who are defendants in error here. They are as follows: Mrs. Melba Ruth Pickens Tabor, joined pro forma by her husband, K. Tabor, Paul Pickens and Louise Pickens. It was agreed that at the time of the institution of the suit Mrs. Tabor and Paul Pickens were of lawful age and Louise Pickens was a girl nineteen years of age.

At the time of his death Mell Pickens and his second wife, plaintiff in error here, owed community debts in excess of the sum of $2375.00. In addition there were certain debts in the nature of funeral expenses contracted after the death of Mell Pickens. There were no children born to Mell Pickens and plaintiff in error.

Mrs. Pickens did not qualify as survivor in community, but acting as survivor of the marital relationship, she paid out the sum of $2375.00 in settlement of community debts.

Defendants in error brought this suit against plaintiff in error to recover the sum awarded to Mell Pickens, less the $1125.00 allotted to the attorneys. In the alternative they sought recovery of one-half of said amount. Their theory of recovery was that the money awarded their father, which, under Section 3 of Article 8306 of the Compensation Law, was exempt to their father, after his death passed to them exempt from the payment of community debts; and plaintiff in error

was not authorized to pay same in satisfaction of such debts. In the trial court defendants in error were denied recovery, but the Court of Civil Appeals reversed and rendered judgment in their favor for one-half of the amount awarded Mrs. Pickens as next friend in the Federal court, less attorney's fees, with 6 per cent interest from August 3, 1931, with right to collect the $1000.00 held in escrow as partial payment on the amount awarded to them. 52 S. W. (2d) 1087.

1 We hold that the award of compensation paid to Mell Pickens for injuries sustained by him in the course of his employment constituted community property of himself and his wife, and on his death Mrs. Pickens became entitled to one-half of same. No contest is made as to the amount allowed as attorney's fees.

The sole question, as stated by the Court of Civil Appeals, is this: Did one-half of the compensation money awarded to Mell Pickens prior to his death pass to his children as his heirs exempt from the payment of community debts? There seems to be no question raised as to the right of Mrs. Pickens to pay the money out for community debts provided it was not exempt after the death of Mell Pickens.

By Section 3 of Article 8306 of the Compensation Law it is provided as follows:

"All compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except as otherwise herein provided, and any attempt to assign the same shall be void."

The Court of Civil Appeals correctly decided that defendants in error acquired no rights by virtue of Sections 8 and 8a of Article 8306. These sections relate to compensation to certain named beneficiaries for injuries resulting in death. See Poore v. Bowlin, 150 Tenn., 412, 265 S. W., 671. In case where compensation is allowed an injured employee himself and the claim has been reduced to final judgment and settlement made prior to his death, Section 3 of Article 8306, as construed in the light of the general exemption statutes of the State, alone has application.

The question has not been thoroughly briefed by interested parties, but owing to its importance we have given it very thorough consideration. A careful study of our exemption statutes and an understanding of the principles of underlying same lead to what we think is an unanswerable conclusion.

**2, 3** Exemptions were unknown to the common law, and are purely statutory. Because of this they are personal in favor of those for whom they are created. A very simple definition is this: "An exemption is a right given by law to a debtor to retain a portion of his property free from the claims of creditors." It follows from this that exempted property within itself is not sacred, but sustains its exempted character only in relation to the owner or possessor in whose favor the statute has declared it to be exempted. Consequently, if an exemption is to continue after the death of the person in whose favor it was created, it must be by virtue of a statute. It has therefore often been held that children or heirs do not inherit an exemption which has been accorded a father, but their rights must be determined by the Constitution or statutes made in their behalf. Roots v. Robertson, 93 Texas, 365, 55 S. W., 308; Wilkins v. Briggs, 48 Texas Civ. App., 596, 107 S. W., 135. In Roots v. Robertson, it was said: "The exemption of property from forced sale cannot be transmitted by descent nor transfer by will."

In a very recent exhaustive opinion Judge Greenwood clearly demonstrated that all exemptions, of homestead as well as personal property, both under the Constitution and the general laws of this State, are for and in behalf of a family or certain named constituents of a family, and do not accrue to persons other than those who are specifically named in the law or the Constitution. Thompson v. Kay, 124 Texas, 252, 77 S. W. (2d) 201.

The principle announced in these decisions is decisive of the present case so far as Mrs. Tabor and Paul Pickens are concerned, even if it were conceded that the money in question was such as is exempted after the death of their father. They were both adults and were not constituent members of the family of Mell Pickens. However, as Louise Pickens is shown to be a minor, it is necessary to go further and determine whether or not this money was exempted so far as she is concerned after the death of her father.

Section 49 of Article 16 of our Constitution provides as follows:

"The Legislature shall have power, and it shall be its duty, to protect by law from forced sale a certain portion of the personal property of all heads of families, and also of unmarried adults, male or female."

In pursuance of this provision, the Legislature at an early date enacted what is now Article 3832, wherein is specifically

enumerated the items of personal property which are exempt to every family. Article 3835 enumerates the items of property reserved to persons who are not constituents of a family. We do not see how that article can have any bearing on this case. It will be observed that Chapter 17 of the Revised Statutes of 1925 is devoted to the matter of setting aside exempt property and making an allowance to the widow and children; and it has been uniformly held that the effect of these provisions is to withdraw from administration all such property as has been exempted under the Constitution and laws of the State for the benefit of a family. Article 3485, which is the first article of that chapter, clearly reveals what is meant by exempted property, because it specifically provides that it is "set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased."

It will be noted, however, that Article 3500 of this chapter is as follows:

"The exempted property, other than the homestead, or any allowance made in lieu thereof, shall be liable for the payment of the funeral expenses and the expenses of the last sickness of deceased, when presented within the time prescribed therefor, but such property shall not be liable for any other debts of the estate."

4   In the answer of plaintiff in error it is shown that she paid for funeral expenses and expenses of last sickness a sum larger than one-half of the compensation awarded, exclusive of attorney's fee. In support of the judgment of the trial court it may safely be inferred that the court found these allegations true. While Article 3500 apparently contemplates the payment of funeral expenses and expenses of last sickness in course of an administration, nevertheless the language is that "the exempted property * * * shall be liable" for the payment of such indebtedness. We therefore find in this article sufficient authority to justify a survivor in community in making payment of debts of this character out of community property.

The only statutory provision which can be said to provide for a continuance of the exemption which was created in favor of Mell Pickens by Section 3 of Article 8306, so that Louise Pickens might claim the benefit thereof, is Article 3314 of the Revised Statutes of 1925, which is as follows:

"When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; and all the estate of such person, not

devised or bequeathed, shall vest immediately in his heirs at law; subject however, to the payment of the debts of the testator or intestate, except such as may be exempted by law; and, whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exceptions aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law."

5   In a very forceful opinion the Court of Civil Appeals, in the case of Wilkins v. Briggs, 48 Texas Civ. App., 596, 107 S. W., 135, held that it is only that portion of the estate of a decedent which the court is required to set aside for the use of the widow and minor children and unmarried daughters remaining with the family of the deceased that is to be considered exempt within the purview of Article 3314 above set out.   Without reproducing the argument of that opinion, we say that it is sound and meets with our approval.   In other words, it is clear that Article 3314 was not intended to affirmatively continue in favor of heirs every exemption which the Legislature might see fit to declare in favor of an individual, whether the head of a family or not, but was intended to declare that all property should vest subject to such exemptions as were by other statutory provisions continued after the death of the one in whose favor the exemption had been created. When we examine the statutes we find that it is only the property specifically enumerated in Article 3832 and in Sections 51 and 52 of Article 16 of the Constitution that so vests.

6   It is our conclusion that there is no statutory provision by which the exemption as to compensation awarded to Mell Pickens during his lifetime shall continue in behalf of his children and heirs.   Speaking still more accurately, we may say that this compensation is not included by statute in the property which is exempted to a family or the widow and minor children and unmarried daughters after the death of the father.   Therefore, at the death of Mell Pickens this money was released from the exemption in his favor and passed to his heirs subject to the payment of community debts.   It follows that Mrs. Pickens as survivor in community had a right

to pay this money in satisfaction of such debts, although she had not qualified as survivor in community. Stone v. Jackson, 109 Texas, 385, 210 S. W., 953; and Martin v. McAllister, 94 Texas, 567, 63 S. W., 624, 56 L. R. A., 585.

The judgment of the Court of Civil Appeals is hereby set aside and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court June 19, 1935.