## No. 14,220.

EMPIRE ZINC COMPANY *v.* INDUSTRIAL COMMISSION ET AL.
(77 P. [2d] 130)

Decided November 22, 1937. On rehearing original opinion adhered to March 14, 1938.

Mr. JOHN P. THOMAS, JR., for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. HUME S. WHITE, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ELIZABETH HOLDEN, one of defendants in error as a minor sister, made claim as a dependent to the Industrial Commission, another defendant in error, on account of the injury and death of her brother John Holden while in the employ of the Empire Zinc Company, plaintiff in error. Her claim was allowed and an award made thereon by the commission and upon review was affirmed by the district court of Eagle county. The employer assigns error to the judgment of the district court and will be referred to herein as the company, the Industrial Commission as the commission, Elizabeth Holden as claimant and John Holden as deceased.

Deceased, aged 30 and single, was injured June 27, 1936, while employed by the company, and died as a result of the injury on the same day. A detailed chronological statement of the proceedings following, is unnecessary, it being sufficient to state that there is no dispute concerning the nature of the accident or the liability arising therefrom; but the company questions the sufficiency of the claim, and proof thereof submitted on behalf of claimant as a dependent, and makes some minor objections as to the amount of the award which, it argues, is based upon an incorrect wage history.

On the date of the injury, and at the time of his death,

deceased had been employed by the company for approximately eight months from November 7, 1935, for which period he had received $893.09. Prior to November, 1935, he was working on his father's farm. The exact nature of his contract of employment is not altogether clear; however, it appears that he was assisting his father who seemed to be distressed financially with the indebtedness in connection with the farm, and other expenses, and who, after a lingering illness died shortly prior to the injury and death of deceased. The mother of deceased also had died during the period of his employment with the company. Claimant, a member of the family, was seventeen years of age and in high school during the time deceased was on his father's farm, and up to within about a month prior to his injury and death. It is not questioned that a commendable struggle on the part of the family, including deceased, had been in progress in an effort to keep claimant in high school until graduation, and that during her final school year, ending May 22, 1936, the principal part of the burden had fallen upon, and been assumed by, deceased. The record is quite clear that he had furnished money out of his earnings, received from the company, for her room and board and other expenses, under a promise that he would "see her through high school." It appears that a bill for her maintenance for two months and a half, rendered to deceased, had not been paid. Claimant was graduated May 22, a little over a month before the injury to, and death of deceased. She made her claim on the basis of being wholly dependent upon him, and the commission so finding, made its final award, ordering the company to pay her $50.56 per month beginning June 27, 1936, and continuing until the sum of $3,640.63 is paid, or until dependency is terminated.

Section 53, of the Workmen's Compensation Act (S. L. '19, p. 720), as amended, now appears as section 332, chapter 97, at page 1341, volume 3, '35, C. S. A., and so far as pertinent here, is as follows: "Other dependents

—Temporary dependency. Children eighteen years of age or over, husband, mother, father, grandmother, grandfather, sister, brother or grandchild, who were wholly or partially supported by the deceased employee at the time of his death and for a reasonable period of time immediately prior thereto, shall be considered his actual dependents.''

The fact, which appears, that claimant from the time of her graduation, May 22, until the death of deceased, was employed and making scant provision for herself, gives rise to the company's argument that at the time of the injury to, and death of, her brother she was not a dependent within the meaning of the statute. It is the contention of claimant that not only was she dependent upon deceased, but that he had promised to assist her in obtaining training which would enable her to become a nurse.

 Claimant, being a sister of deceased, there is no presumption of her dependency, and the burden was upon her to establish such dependency as would bring her within the provisions of the statute. The promise or undertaking of deceased to assist her through high school had been fulfilled more than thirty days prior to the date upon which the fixing of her dependency must rest. The company insists that the admitted dependency theretofore existing had terminated before the death of deceased. This contention would have its appeal, if the failure of deceased to make contributions to claimant during the short period intervening before his death would negative her dependency. But dependency is not always to be so determined; it must rest upon the prevailing facts and conditions of each particular case. The making of financial contributions is certainly physical evidence of the recognition of dependency by the contributor, but the dependency nevertheless could exist, be relied upon by the dependant, and have been acknowledged by deceased without any actual money payment, which could have been prevented by some cause operat-

ing against his will. There is evidence to support claimant's contention that deceased had promised to assist her in obtaining training which would fit her to become a nurse. That she relied upon this expectation of help is not controverted. Judging from his acknowledged assumption of the burden during all the time of his employment, it is only fair to presume that deceased had led claimant to expect and depend upon his brotherly bounty for the future, and this, together with the other attending circumstances, made her all that the word implies, a dependent, within the meaning of the statute. The evidence discloses reasonable grounds for such expectancy on her part and the anticipation by her of a continuation of the already established status of dependency, without a suggestion of its termination, is the true guide in determining whether or not she was in fact a dependent. The purpose of the Workmen's Compensation Act is to provide, in part at least, for a restoration to her, of that which she lost through the death of the one upon whom she had been given reason to, and did, depend for support. A different construction would defeat the very purpose and reason for the existence of the statute.

The facts justify and support the award of the commission, and the judgment sustaining it therefore is affirmed.

Mr. Chief Justice Burke and Mr. Justice Hilliard dissent.

Mr. Justice Bouck not participating.