119 P.2d 104

**BARNEY COCKBURN & SONS et al. v. LANE et al.**

No. 4626.

Supreme Court of New Mexico.

Nov. 18, 1941.

Neal & Girand, of Hobbs, for appellants.

G. T. Hanners, of Lovington, for appellees.

BRICE, Chief Justice.

The action below was upon a claim for compensation under the Workmen's Compensation Act. Irving L. Lane was killed while in the employ of the appellants, Barney Cockburn & Sons, hereinafter called appellants; and the Employers Casualty Company, hereinafter called Casualty Company, was surety for the employers. The appellees are the parents of the deceased Irving L. Lane, who had neither wife nor children, and who was killed in the course of his employment, October 16, 1939. He had been employed two weeks by appellant at the time of his death, at a weekly wage of $51.17.

The court, upon the facts found by it, allowed the appellees $10.23 per week for a period of 300 weeks, together with $300 attorney's fees.

All facts necessary to support the judgment of the court were found by it, and of these only three are contested here, and of these three we regard only one as an ultimate fact, to-wit, Finding No. 4, which is as follows: "That plaintiffs were actually partially dependent upon Irving L. Lane for support at the time of his death."

The evidence discloses that the appellees are aged people, have a small home with 8 acres of land, at Wayside, Texas, a country settlement; that Mrs. Lane is postmaster and earns about $40 a month, and this is their only income. Mr. Lane is unable to work, because of physical infirmities. During the year preceding his death,

Irving L. Lane had given the plaintiffs $15 in money and some clothing, and paid $20 towards a cook stove. He contributed (the amount is not stated) to the expenses of his mother for an operation for cancer of the tongue in 1937, and later on that year he contributed $50 to help bear the expenses of a trip to a lower altitude because of high blood pressure. In 1938 he contributed (the amount is not stated) to the expenses of an operation for toxic goiter in Amarillo, Texas. He expressed the wish that he could help them more. At other times within five years prior to his death he had made contributions of small sums of money to his parents and shortly before his death had promised to pay a note of $100 owing by appellees to a bank in Texas.

The question is, whether as a matter of law this evidence is sufficient to support finding No. 4.

Some suggestion is made that the earnings of the appellees would indicate that they were not dependent. The $40 a month earned by deceased's mother as postmaster was the total of their earnings, and this question is determined against appellants by this court in Dimas v. Albuquerque, etc., Coal Co., 35 N.M. 591, 3 P.2d 1068, in which we said: "The dependency of the parent must be actual, but need be only partial. 1929 Comp. § 156-112. If true that appellant might have supported himself 'in some fashion' without assistance from the deceased, it is not conclusive against his claim. Merrill v. Penasco Lbr.

Co., 27 N.M. 632, 204 P. 72. He was getting old, was not in good health, was trying to equip his small farm so that he could retire to it and lead an easier life. Deceased had helped, and appellant had reason to anticipate further assistance."

Also, in Gonzales v. Chino Copper Co., 29 N.M. 228, 222 P. 903, 905, we stated: "Dependency does not necessarily depend upon whether or not the claimants could support themselves without the earnings of the deceased or whether they could have so reduced their living expenses that they could have been supported independent of such earnings. To the contrary, it depends upon whether or not the deceased had actually contributed to their support and whether or not they relied upon such earnings in whole or in part for their livelihood. Merrill v. Penasco Lbr. Co., et al., supra."

On the question of dependency we stated in Merrill v. Penasco Lbr. Co., 27 N.M. 632, 204 P. 72, 73:

"If dependency were determined only by the fact of contribution to support, a wife and children might be dependent one week and cease to be the next according to the caprice of the husband and father. Such a theory lacks support from authority. In Parson v. Murphy, 101 Neb. 542, 163 N.W. 847, L.R.A.1918F, 479, a mother was held to be dependent on her son although he had not actually supported her and was not contributing to her support at the time of his death. He had written five months

before that he would come and live with her and support her, but for reasons beyond his control did not do so. The court said: * * * .

"'That plaintiff's son was capable of earning the wages usual to his employment affirmatively appears. * * * But for the accident he would now, in human probability, be a wage-earner, and thus be in a position to supply plaintiff in pursuance of his promise. It is always presumed, until overcome by proof, that a man will do his duty. It cannot be known, and will not be presumed, that Nels Parson, if living, would be unmindful of his filial duty, with or without promise, to support his aged and dependent parent. The question of legal liability to support does not of itself determine the question at issue.'

"In re Carroll, 65 Ind.App. 146, 116 N.E. 844, the court said:

"'Among the elements that are indicia of a state of dependency are an obligation to support, the fact that contributions have been made to that end, that the claimant in any case is shown to have relied on such contributions and their continuing, and the existence of some reasonable grounds as a basis for a probability of their continuance, or of a renewal thereof, if interrupted. We would not be understood as indicating that all these elements must exist in each case, in order that there may be a state of dependency.'

"In Sweet v. Sherwood Ice Co., 40 R.I. 203, 100 A. 316, the doctrine was recognized that, while the obligation to support does not of itself determine dependency yet, when such legal obligation is coupled with a reasonable probability that it will be fulfilled, it constitutes one of the tests of dependency. Case notes upon this question will be found in L.R.A.1918F, 483, and Ann.Cas.1918B, 749."

The testimony does not disclose the earnings of the deceased from 1935 until his death, except during the last two weeks of his life. His contributions may or may not have been in amounts which, from filial duty, one would expect him to contribute to the care of his father and mother. Undoubtedly the assistance he gave for medical attention and care was just as essential to their existence as food and clothing. We will not disturb a finding of the district court if the district court was authorized to infer from the facts that appellees were in part dependent upon him.

 Judging from the contributions made and the declarations of the deceased during his lifetime, we cannot say that finding of fact No. 4 is not supported by substantial testimony. Weisgerber v. Workmen's Compensation Bureau, 70 N.D. 165, 292 N.W. 627, 128 A.L.R. 1482; Zedalis v. Jeddo-Highland Coal Co., 113 Pa. Super. 49, 172 A. 169; Williams v. John B. Kelly Co., 128 Pa.Super. 228, 193 A. 97; Empire Zinc Co. v. Industrial Comm., 102 Colo. 26, 77 P.2d 130. The appellees were, under the findings, entitled to compensation upon the basis of partial dependency.

■ Appellants assert that the maximum compensation to which the appellees are entitled if partial dependents could not exceed "the respective amounts therefor contributed by the deceased workman." This is based upon Sec. 156-117, Ann.Sts. 1929, as amended by Ch. 92 of N.M.L.1937. Sec. 156-117(a), (2), 7, N.M.Sts.1929, as amended by Ch. 92, N.M.L.1937 is as follows:

"7. If there be neither widow, widower, nor children, then to the father and mother, or the survivor of them if dependent to any extent upon the workman for support at the time of his death, twenty per centum of earnings, but not less than five ($5.00) dollars per week; Provided, that if such father and mother, or the survivor of them, shall have been totally dependent upon such workman for support at the time of his death, he, she or they shall be entitled to forty per centum of such earnings.

"If there be neither widow, widower, nor children, nor dependent parent, then to the brothers and sister, if actually dependent to any extent upon the deceased for support at the time of his death, twenty-five percentum of earnings of deceased, with ten per centum additional for brothers and/or sisters in excess of two, with a maximun of sixty per centum to be paid to their guardians; Provided, that the maximun compensation to partial dependents shall not exceed the respective amounts therefor contributed by the deceased workman."

Subsections 1, 2, 3, 4, 5, and 6 provide for compensation for widows and children.

Prior to the 1937 Act what is now section 7 above quoted was sections 7 and 8. The paragraph unnumbered was section 8. The same section theretofore read exactly as the above unnumbered paragraph except as to the percentums of compensation, and except that it was numbered 8.

See Ch. 51, N.M.L.1933; Ch. 113, N. M.L.1929; Ch. 184, N.M.L.1921; Ch. 83, N.M.L.1917; and Sec. 156-117, Sts.1929. Subsequent to the original act of 1917 some amendments were made to said subsections 7 and 8, not material to a decision.

It is obvious from reading these laws that through inadvertence the figure 8 was left off of the heading of the second paragraph quoted, under which provision is made for dependent brothers and sisters. The proviso in the second paragraph, "Provided, that the maximum compensation to partial dependents shall not exceed the respective amounts theretofore contributed by the deceased workman" could have reference only to compensation for brothers and sisters of such deceased workman, as specific provision is made in the first part of paragraph numbered 7 for dependent or partially dependent fathers and mothers. It provides specifically that if they were "dependent *to any extent* [if not totally] upon the workman for support at the time of his death," that they would be entitled to twenty percentum of the earnings but not less than $5 per week. The trial court did not err in holding that the proviso following that part of the statute regarding brothers and sisters had no application to

548

compensation for the father and mother of deceased.

It is asserted that the trial court erred in admitting statements of the deceased to the parents, to the effect that he would assist them in paying a note that would shortly be due. Appellee Wesley Lane testified in substance that the deceased was visiting them in August, that he told deceased he owed a note which would be due November 11th following. He stated, "I did not know whether I would be able to meet it or not at the time. He said, 'Well, I think our work will be so I can help you, and I will help you meet it provided my work holds up, help you get the money.'" The objection to this testimony was that it was hearsay.

Such testimony is generally admitted in evidence upon the theory that it shows "[deceased's] state of mind and corroborative of plaintiff's testimony that contributions were being made." Texas Employers Ins. Ass'n v. Arnold, Tex.Civ.App., 62 S.W.2d 609, 612, reversed on other grounds 127 Tex. 245, 92 S.W.2d 1019.

"On issue of dependency of claimant evidence is admissible to show contributions toward support, thereof by claimant, and remittances by deceased employee to claimant, or evidence of the employee's intent to contribute; claimant's financial condition; statements of the employee as to dependent's need and as to his contribution toward his support; family expenses, to establish contributions by the employee thereto; * * *." 71 C.J. "Workmen's Comp.Acts." Sec. 911.

As the beneficiaries must place some reliance on the future assistance of the workman before it can be said they are dependent upon him, such testimony, coupled with prior contributions, is also admissible as a basis for such reliance.

In the case of Parson v. Murphy, supra, cited with approval in Merrill v. Penasco Lumber Co., supra, a mother was held to be dependent upon her son, although he had not actually supported her but had written five months before that he would come and live with her and support her. The letters were admitted to show that he intended to support her and that she relied upon his promise.

It is only by his declarations and previous acts that proof could be made of reasonable grounds for that belief on the part of the appellees that assistance would be continued, an essential of dependency. See In re Carroll, 65 Ind.App. 146, 116 N.E. 844, and Sweet v. Sherwood Ice Co., 40 R.I. 203, 100 A. 316, cited in Merrill v. Penasco Lbr. Co., supra.

In any event the testimony is admissible under the rule followed in Re Roeder's Estate, 44 N.M. 429, 103 P.2d 631, as a rule of necessity.

The judgment of the district court should be affirmed, and it is so ordered.

ZINN, SADLER, MABRY, and BICKLEY, JJ., concur.