Agapita SENA, Individually and on behalf of all other persons similarly situated, Plaintiff,

v.

Richard ROUDEBUSH, Administrator of Veterans Affairs, Veterans Administration, Defendant.

No. 76–720–M Civil.

United States District Court, D. New Mexico.

June 6, 1977.

James A. Burke, Northern New Mexico Legal Services, Inc., Santa Fe, N. M., for plaintiff.

Victor R. Ortega, U. S. Atty., Ronald F. Ross, Asst. U. S. Atty., Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

MECHEM, District Judge.

This action[1] was filed by Mrs. Agapita Sena seeking declaratory and injunctive relief to prevent the Administrator of Veterans Affairs and the Veterans Administration (V.A.) from terminating her status as representative payee of the disability pension paid to her husband, Alfredo Sena, without notice or hearing.

Jurisdiction in this action is alleged under 28 U.S.C. § 1331, 28 U.S.C. § 1361, 5 U.S.C. §§ 701 and 702. The defendant challenged the jurisdiction of this Court based on the restrictions of 38 U.S.C. § 211(a). I previously determined that the limitations of that section are not a bar to the action insofar as it is limited to consideration of the constitutional issue of procedural due process, see *McGrath v. Weinberger*, 541 F.2d 249 (10th Cir. 1976) and *Plato v. Roudebush*, D.C., 397 F.Supp. 1295 (1975), and, therefore, jurisdiction exists to entertain this action.

1. The action was originally filed as a class action but certification under Rule 23 was denied.

The case was submitted on the following stipulated facts. The plaintiff lived with her husband in Santa Fe, New Mexico, until November 7, 1976, at which time the infirm and mentally incompetent Alfredo Sena was removed by his son and placed in a home in Albuquerque. The Senas have been married since 1971, and since May, 1974, Mrs. Sena was acting in a fiduciary capacity as the representative payee of her husband's V.A. disability pension. This arrangement was necessitated by Mr. Sena's inability to manage his own affairs and is authorized by 38 U.S.C. § 3202 and 38 C.F.R. 3.850.

In November, 1976, David Sena, Mr. Sena's son by a previous marriage, contacted the V.A. requesting that a successor payee be named on the grounds that the plaintiff was not adequately caring for Mr. Sena. Following an investigation of the allegations of this report, the V.A. revoked plaintiff's status as representative payee, designating as her successor the veteran's son. Mrs. Sena was not home during the V.A. field investigation and was not informed of the change of payee until she consulted legal services.

Mrs. Sena brought this action seeking to have the V.A. procedures declared constitutionally invalid and to require a full hearing on the question of the plaintiff's capacity to act as representative payee for her husband's disability benefits. Mrs. Sena claims that she had a legitimate expectation in the continued receipt of her husband's benefits, that the V.A. should have provided her with notice and an opportunity for an evidentiary hearing prior to appointing a successor payee to replace her, and that failure to do so constitutes violation of her due process rights.

■ The Fifth Amendment to the United States Constitution provides procedural protection to an individual from governmental action depriving that individual of property interests. But the range of those protected interests is not infinite and, therefore, it is necessary at the outset to determine the nature of the interest impacted upon by governmental action. In *Board of Regents*

*v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1971), the Supreme Court set forth some of the attributes of protected property interests:

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." 408 U.S. 577, 92 S.Ct. 2709.

In a companion case addressing the same issue the Court stated that mere subjective "expectancy" is not a protectable interest, *Perry v. Sindermann*, 408 U.S. 593, 603, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1971).

Characterizing the interest affected by the agency action at issue in this case is complicated by the fact that the rights, if any, are derivative. Mr. Sena receives a pension from the V.A. for non-service connected disabilities. The statute authorizing such benefits, 38 U.S.C. § 521(b), provides for an increased allowance for a married veteran who reasonably contributes to support his spouse. V.A. regulations also provide that in the event of an estrangement a spouse has the right to apply for an apportionment of the pension, 38 C.F.R. 3.450 *et seq.* It would seem, therefore, that as a wife Mrs. Sena had some expectation that a portion at least of the benefits are to contribute to her support.

Since May, 1974, Mrs. Sena had been the representative payee of her husband's pension. As such she stood in a fiduciary relationship to the veteran, obligating her to act in his best interests. Mrs. Sena concedes that she had no protectable interest in the continuation of that status. However, she claims to have a legitimate expectation in the continued contribution of her husband to her support and toward the community debts which she incurred in providing a home for Mr. Sena and herself in her attempt to preserve the marital unit.

■ Mrs. Sena was receiving the benefits in trust for her husband. As a wife she was entitled to part of those funds for her own support. The action of the V.A. in

revoking her representative payee status did not deprive her of support from her husband's income, it merely changed the method of payment. In *McGrath .v. Weinberger, supra,* the plaintiff was found not to be entitled to prior notice and hearing where there was no termination of benefits but merely the appointment of a representative payee. There the curtailment of free use of benefits in effect was found not to be a deprivation of property rights. Similarly in this case, Mrs. Sena has not been deprived any property interest. Mere dependency on the benefits provided to the veteran is not sufficient to create a property interest in Mrs. Sena to which procedural due process attaches.

■ An argument was made to the effect that Mrs. Sena has property rights in the benefits as community property under the laws of New Mexico. However, these benefits are payable to Mr. Sena by virtue of his military service and disability. This is not a pension to which he contributed in the form of premium payments during coverture. Moreover, Mr. Sena's entitlement to his V.A. benefits was "earned" before this marriage. His interests in the pension are better characterized as his separate property since his entitlement thereto accrued prior to the marriage, see *Otto v. Otto,* 80 N.M. 331, 455 P.2d 642 (1969) and *Richards v. Richards,* 59 N.M. 308, 283 P.2d 881 (1955), and, therefore, the community property laws of New Mexico do not provide a basis on which to find Mrs. Sena had a protectable property interest.

As far as Mrs. Sena's claim that she should have received prior notice of her right to apply for an apportionment, that issue has been rendered moot. She has applied for and been awarded apportionment of the pension.

Judgment will be entered in accordance with the findings set forth herein.