The ESPANOLA HOUSING AUTHORITY, the City of Espanola, and John Doe, manufacturer, a corporation, Petitioners,

v.

Leroy G. ATENCIO, Individually, and Elizabeth Atencio, a minor, by her father and next friend, Leroy G. Atencio, Respondents.

No. 11514.

Supreme Court of New Mexico.

Sept. 12, 1977.

Civerolo, Hansen & Wolf, Wayne C. Wolf, David W. Yount, Albuquerque, for Espanola Housing Authority.

White, Koch, Kelly & McCarthy, William B. Kelly, Santa Fe, Scarborough & Scarborough, Espanola, for City of Espanola.

Zamora, Rael & Weinreb, Pedro G. Rael, Santa Fe, for respondents.

OPINION

McMANUS, Chief Justice.

Elizabeth Atencio was allegedly injured while playing on a merry-go-round owned by the Espanola Housing Authority in the City of Espanola. Suit to recover for her injuries was brought almost three years later and Espanola asserted the affirmative defense of the statute of limitations. The trial court dismissed the case and the respondents appealed challenging the constitutionality of § 23–1–23, N.M.S.A.1953, on equal protection grounds. The Court of Appeals reversed the district court and found that § 23–1–23 was unconstitutional.

We granted certiorari and affirm the decision of the trial court.

Section 23–1–23 states:

[N]o suit, action or proceeding to recover damages for personal injury or death resulting from the negligence of any city, town or village, or any officer thereof, shall be commenced except within one [1] year next after the date of such injury. All such suits, proceedings or actions not so commenced shall be forever barred

.  .  .

Therefore, if this statute is applicable, the proceedings were properly terminated. However, respondents contend that § 23–1–23 denies victims of municipal torts equal protection under the law because it is inconsistent with § 23–1–8, N.M.S.A.1953, which provides a three-year limitation period for tort actions against the county or state. Section 23–1–23 has previously been challenged as special legislation, but in *Hoover v. City of Albuquerque,* 58 N.M. 250, 270 P.2d 386 (1954) this Court determined that the statute met the requirements of general legislation and therefore was valid. The question of the reasonableness of the classification and whether it operated as a denial of equal protection was not before the Court at that time. We now hold that § 23–1–23 does not violate the equal protection clauses as set forth in N.M.Const. art. 2, § 18 and U.S.Const. Amend. XIV, § 1.

It is well settled that there is a presumption of the validity and regularity of legislative enactments. This Court must uphold such statutes unless it is satisfied beyond all reasonable doubt that the Legislature went outside the Constitution in enacting the challenged legislation. *City of Raton v. Sproule,* 78 N.M. 138, 429 P.2d 336 (1967). This Court has repeatedly refused to inquire into the wisdom, the policy or the justness of an act of the Legislature. *Gruschus v. Bureau of Revenue,* 74 N.M. 775, 399 P.2d 105 (1965). "Only if a statutory classification is so devoid of reason to support it as to amount to a mere caprice, will it be stricken down. (Citation omitted.) If any state of fact can be reasonably conceived which will sustain a classification, there is a presumption that such facts exist. .  .  ." *Board of Trustees of Town of*

*Las Vegas v. Montano,* 82 N.M. 340, 343, 481 P.2d 702, 705 (1971). When an equal protection challenge is leveled against a legislative classification, this Court considers the guidelines set forth in *Davy v. McNeill,* 31 N.M. 7, 14, 240 P. 482, 486 (1925):

> If the classification is reasonable, it is valid. It is in the first instance a legislative question as to whether or not the classification is reasonable; that is, could it have seemed reasonable to the Legislature even though such basis seems to the court to be unreasonable, or is it arbitrary and unjust?

But "in order to avoid the constitutional prohibition [the classification] must be founded upon pertinent and real differences as distinguished from artificial ones. Mere difference, of itself, is not enough." *State v. Sunset Ditch Co.,* 48 N.M. 17, 25, 145 P.2d 219, 223 (1944).

The test as to whether a statute is unconstitutional is very strict since any redeeming value of the classification is sufficient. The statute in this instance authorizes a different statute of limitations for municipalities, i. e., one year for tort actions, than is authorized for the state or a county. The treatment of victims of municipal torts is consistent; however, this class is treated differently than the general class of tort victims or tort victims of a governmental division.

The city offered four reasons for upholding the validity of the classification. They are:

1. that a shorter statute of limitation substantially narrows the cities' exposure and would thus be a vital factor in determining insurance rates;
2. that cities are limited in their ability to raise taxes;
3. that cities are severely limited to raise funds; i. e., if claims against a city must be commenced within one year of their occurrence, the city is better able to predict its financial position for a given year;
4. that cities have a greater need to know what claims they may be faced with during a fiscal year because, potentially, they have a larger number of claims for services rendered and a greater potential liability.

The question then remains whether these reasons are real and pertinent differences or merely artificial differences which are not relevant to the classification involved.

The petitioners cite to a variety of cases dealing with the analogous situation wherein tort victims are required to give governmental tort-feasors notice of an injury within a specified period of time. These cases are indirectly applicable because such notice provisions operate as statutes of limitations since they are deemed to be conditions precedent to filing a suit. Although these analogous cases involve somewhat different policy considerations, the majority of the decisions hold that there was sufficient justification to treat private and public tort-feasors differently and that such types of classifications do not offend equal protection principles. See *Dias v. Eden Township Hospital District,* 57 Cal.2d 502, 20 Cal.Rptr. 630, 370 P.2d 334 (1962); *McCann v. City of Lake Wales,* 144 So.2d 505 (Fla. 1962); *Lunday v. Vogelmann,* 213 N.W.2d 904 (Iowa 1973). We recognize those cases to the contrary, e. g., *Reich v. State Highway Dept.,* 386 Mich. 617, 194 N.W.2d 700 (1972), but feel that the better view is to uphold the constitutionality.

The only case which is actually on point is *Jenkins v. State,* 85 Wash.2d 883, 540 P.2d 1363 (1975) where Washington law provided a different limitation period for counties than for other governmental entities. That state's supreme court determined that no rational basis existed for such disparate treatment. The majority of courts have concluded otherwise for varying reasons. In *Lunday v. Vogelmann,* supra, the Iowa Supreme Court held that such a classification was proper because the statutes were in derogation of sovereign immunity (and common law) and the legislature had the power to restrict and limit the state's liability. In *King v. Johnson,* 47 Ill.2d 247, 265 N.E.2d 874 (1970), that court held that the impact of tort liability on the planning of the public budget and the taxing system made the classification reasonable. When the bureaucracy of a public body and the

number of claims are considered, it is clear that different procedures are necessary and this is a relevant fact in such a determination. *Crowder v. Salt Lake County*, 552 P.2d 646 (Utah 1976).

In this state, cities are clearly limited in their expenditures. See § 11–6–1, N.M.S.A. 1953 [Repl. Vol. 2, pt. 2 (Supp.1975)] and § 11–6–6, N.M.S.A.1953 [Repl. Vol. 2, pt. 2, 1974]. The ability of cities to raise money to meet such extraordinary expense is also restricted.

Therefore, it appears that some rational basis does exist for limiting the time period in which a suit may be brought against a city. This determination is sufficient to overcome respondents' contention that § 23–1–23 is unconstitutional. Therefore, the decision of the Court of Appeals is reversed and the order of the District Court of Rio Arriba County dismissing the complaint is hereby affirmed.

IT IS SO ORDERED.

SOSA, EASLEY and FEDERICI, JJ., concur.

PAYNE, J., respectfully dissents.