643 P.2d 281

**Orlando GALLEGOS and Evangeline Gallegos, Parents of Earl Gallegos, Deceased, Plaintiffs-Appellants,**

v.

**HOMESTAKE MINING COMPANY, Defendant-Appellee.**

**No. 5389.**

Court of Appeals of New Mexico.

March 16, 1982.

Claudia F. Ingram, Luebben, Hughes & Kelly, Albuquerque, for plaintiffs-appellants.

Walter K. Martinez, Gary Fernandez, Grants, for defendant-appellee.

## OPINION

DONNELLY, Judge.

This is an appeal by the parents of a deceased workman from a final judgment denying their claim for survivor's benefits under the Workmen's Compensation Act. We affirm.

Plaintiffs Orlando and Evangeline Gallegos, as surviving parents, filed a complaint seeking workmen's compensation benefits as a result of the death of their son Earl Gallegos. Prior to trial, the parties stipulated to the following salient facts: Earl Gallegos was employed by defendant Homestake Mining Company (Homestake) as a miner; that on December 22, 1980, during his underground work-shift, blasting was conducted within the mine and as a result of an explosion, his working area was filled with nitrous fumes which he inhaled; that Earl Gallegos died on December 24, 1980 as a result of inhaling toxic fumes; that at the time of his death, decedent was working in

the course and scope of his employment; and at the time of decedent's accident, he was earning an amount which would qualify him for maximum benefits under the New Mexico Workman's Compensation Act. Decedent was unmarried and had no surviving children.

We are asked to decide two issues: (1) Did the trial court err in disregarding evidence that plaintiffs were partially dependent upon their son; and (2) Is the limitation on the total amount of recovery by dependent parents as set forth in § 52–1–46(D), N.M.S.A. 1978, unconstitutional?

1) *Issue of Dependency*:

The sole disputed issue of fact tried to the district court was whether plaintiffs, as surviving parents, were financially dependent to any extent on their son, within the meaning of § 52–1–46(D), N.M.S.A. 1978.

Plaintiffs challenged each of the following findings adopted by the trial court: (1) plaintiffs failed to carry the burden of proof that their son contributed any amount to their support; (2) plaintiffs were not dependent to any extent upon their deceased son; (3) plaintiffs did not prove that their son contributed an amount exceeding the benefits accruing to him by virtue of residing with plaintiffs; (4) that defendant has paid all sums to plaintiffs to which they are entitled; and (5) that all inconsistent findings with those adopted by the court should be denied.

The Workmen's Compensation Act, § 52–1–46, N.M.S.A. 1978, provides in applicable part:

Subject to the limitation of compensation payable under Subsection G of this section, if an accidental injury sustained by a workman proximately results in his death within the period of two years following his accidental injury, compensation shall be paid in the amount and to the persons entitled thereto, as follows:

*   *   *   *   *   *

D. If there be neither widow or widower nor children, compensation may be paid to the father and mother or the survivor of them *if dependent to any extent upon the workman for support at the time of the workman's death*, twenty-five percent of the average weekly wage of the deceased, and in no event shall the maximum compensation to such dependents exceed the amounts contributed by the deceased workman for their care; provided, that if the father and mother, or the survivor of them, shall have been totally dependent upon such workman for support at the time of the workman's death, he, she or they shall be entitled to fifty percent of the average weekly wage of the deceased; * * * * [Emphasis supplied].

Whether partial dependency under the Workmen's Compensation Act exists is a question of fact to be decided in each case and to be proven under the evidence. *Ferris v. Thomas Drilling Co.*, 62 N.M. 283, 309 P.2d 225 (1957); *Lopez v. Schultz & Lindsay*, 79 N.M. 485, 444 P.2d 996 (Ct.App.), cert. denied, 79 N.M. 448, 444 P.2d 775 (1968); *Wilson v. Mason*, 78 N.M. 27, 426 P.2d 789 (Ct.App.1967); see *Sallee v. Calhoun*, 46 N.M. 468, 131 P.2d 276 (1942); *Barney Cockburn & Sons v. Lane*, 45 N.M. 542, 119 P.2d 104 (1941).

Parents are not presumed to be dependents of their children, and such claimants asserting the status of dependency have the burden of proving it. *Parke County Rural Electric Membership Corp. v. Goodin*, 112 Ind.App. 216, 44 N.E.2d 198 (1942). Determination of dependency turns upon whether the deceased workman had actually contributed to his parents' support and whether his parents relied upon such contributions in whole or in part for their livelihood. *Barney Cockburn & Sons v. Lane, supra; Ferris v. Thomas Drilling Co., supra; Wilson v. Mason, supra.* Whether dependency is total or partial must be determined from the needs of the claimants and the absence of some other substantial source of necessary support. *Gonzales v. Chino Copper Co.*, 29 N.M. 228, 222 P. 903 (1924); *Wilson v. Mason*, 78 N.M. 27, 426 P.2d 789 (Ct.App.1967).

In *Myers v. Pacific Greyhound Lines*, 134 F.2d 457 (10th Cir. 1943), interpreting a New Mexico wrongful death statute authorizing suits by a decedent's dependents, the court discussed the test for partial dependency and quoted *Gonzales v. Chino Copper Co., supra*, a Workmen's Compensation Act case:

"Dependency does not necessarily depend upon whether or not the claimants could support themselves without the earnings of the deceased or whether they could have so reduced their living expenses that they could have been supported independent of such earnings. To the contrary, it depends upon whether or not the deceased had actually contributed to their support and whether or not they relied upon such earnings in whole or in part for their livelihood."

Mrs. Gallegos testified that her deceased son contributed $130.00 to his parents every two weeks; that the funds contributed were utilized by the parents for a trailer payment, insurance payments, pharmacy bills, and clothing. She also testified that her son's contributions to his parents were also applied to a monthly savings account which they intended to utilize to pre-pay their trailer and to use toward the educational expenses of their youngest son, that her son's financial contributions to his parents exceed the actual cost of his room and board and that the parents relied upon such contributions to meet their expenses and establish a savings account.

Appellants assert that Mrs. Gallegos' testimony on all of these points is uncontroverted; that the trial court erred in not determining that the parents had established partial dependency within the meaning of the Workmen's Compensation Act. In assessing appellants' contention, we examined the record to determine if any substantial evidence exists that appellants failed to carry the burden of proof.

As observed in *Cave v. Cave*, 81 N.M. 797, 474 P.2d 480 (1970), the pole star governing our review of the court's findings is that, if supported by substantial evidence, findings of fact may not be challenged as to their accuracy. Where evidence is conflicting, any disputed fact is resolved in favor of appellee and evidence is viewed in the aspect most favorable to the successful party. It is the function and prerogative of the trial judge in non-jury cases to determine the credibility and weight to be given to the testimony of witnesses and the evidence. In examining the evidence, an appellate court will not disturb findings, weigh evidence, resolve conflicts, or substitute its judgment as to the credibility of witnesses where evidence substantially supports the findings. All reasonable inferences are indulged in to support the findings made. Evidence and inferences to the contrary are to be disregarded. "Substantial evidence" has been defined to mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See also Southern Union Exploration Co. v. Wynn Exploration Co.*, 95 N.M. 594, 624 P.2d 536 (Ct.App.), *cert. denied*, 95 N.M. 593, 624 P.2d 535 (1981); *Den-Gar Enterprises v. Romero*, 94 N.M. 425, 611 P.2d 1119 (Ct.App.), *cert. denied*, 94 N.M. 628, 614 P.2d 545 (1980).

Decedent's mother testified that her son earned a salary of $19,814.93 per year, and that his W-2 tax reporting form indicated only himself as dependent. During defendant's case-in-chief, defendant presented the testimony of Roy Souther, safety director of decedent's employer. This witness further testified as follows:

Q: Are you familiar with his [decedent's] personnel records?

A: Yes.

Q: In those records was he required to sign any kind of a form to indicate whether he had dependents or not?

A: On the forms that he filled out he was asked if he had any dependents which he did not list any at all.

Q: Is there anything in his records or file that indicates that he has any dependents?

A: Nothing whatsoever.

The above testimony was received without objection and constituted evidence

of decedent's state of mind concerning his intention in making financial payments to his parents. As stated in *Barney Cockburn & Sons v. Lane, supra*, declarations and previous acts of a decedent are admissible to show the deceased's state of mind as to whether he intended financial contributions to constitute support. In light of the testimony of both Mrs. Gallegos concerning her son's declarations for tax purposes, and the related testimony of Mr. Souther, the record contains testimony supportive of the trial court's findings.

Mrs. Gallegos' testimony also revealed that, at the time of her son's death, her husband was earning approximately $27,-000.00 a year, or a gross of $2,340.00 per month, and that she was employed, earning $150.00 every two weeks, and had a gross income for 1980 of $7,000.00.

She also testified that her son's contributions to them of $130.00 every two weeks exceeded the amount of his monthly living expenses; that the family living expenses for groceries came to approximately $400.00 per month, $200.00 for utilities, and a monthly trailer payment and insurance cost of approximately $400.00. In addition to their combined income, the parents received rental income of $65.00 per month from a lot which they owned and rented to the owner of a mobile home. Mrs. Gallegos further testified that, prior to her son's returning to live with his parents, he had resided in Albuquerque and split rental expenses of $200.00 with a friend; that, after moving back into the family home, her son contributed funds from time to time for some groceries and took the family out to eat on occasion.

■ Whether decedent's contribution exceeded the actual cost of his own support is a factual question. Proof of dependency in fact is essential in order to qualify for death benefits by surviving parents. Actual dependency must be demonstrated by presenting evidence that the claimants were in fact dependent on the decedent during the period preceding their son's death. Where the cost of room and board of the deceased equaled or exceeded the amount

of his contributions to a parent, or parents, the claimant is not dependent so as to be entitled to compensation. *Spurgin v. Spurgin*, 152 Kan. 212, 103 P.2d 889 (1940). Among the indicia of dependency are an obligation to support; to show that contributions have been made, that claimants have relied on such contributions, and that the existence of some reasonable grounds exists as a basis for their belief that future payments would be continued. *Barney Cockburn & Sons, supra.*

■ Considering the stipulation, evidence and testimony presented as a whole, in a light most favorable to appellees, together with all reasonable inferences to be drawn therefrom, we hold that the trial court's findings are supported by substantial evidence. The trial court's findings are entitled to the same weight and effect as a jury verdict and on appeal will not be disturbed or reversed if they have proper evidentiary support and are free from legal error. All evidence unfavorable to the findings will be disregarded. *Lopez v. Schultz & Lindsay Construction Company, supra*. Appellant's first point is without merit.

### 2) *Constitutionality of Statute :*

Appellants second point on appeal raises a constitutional challenge to the provision of § 52–1–46(G), N.M.S.A. 1978, as it relates to appellants' claim for death benefits as surviving parents of their deceased son. Appellants argue that the provisions of the statute impose an arbitrary limitation on the recovery of dependent parents under the Workmen's Compensation Act, and that parents are not accorded equal protection of the law with that of other categories of dependents such as spouses and children. Appellants further argue that dependent parents do not receive any statutory *quid pro quo* for the limitation on their recovery set out by statute.

Section 52–1–46(G), *supra*, provides in applicable part:

G. No compensation benefits payable by reason of a workman's death shall exceed the maximum weekly benefits as

provided by Section 52–1–41 N.M.S.A. 1978, and no dependent or class thereof, other than a widow, widower, or children, shall in any event be paid total benefits in excess of seven thousand five hundred dollars ($7,500) exclusive of funeral expenses and the expenses provided for medical and hospital services for the deceased paid for by the employer.

■ Section 52–1–46(G), *supra*, as it relates to appellants, is neither unconstitutional, nor violative of the equal protection clause of N.M.Const. Art. II, § 18, or the 14th Amendment to the U. S. Constitution. *Employers Mutual Liability Insurance Co. of Wisconsin v. Jarde*, 73 N.M. 371, 388 P.2d 382 (1963), examined the same statute prior to recent legislative amendments. There, after consideration of the various classes of dependents covered as survivors, the court stated:

> Furthermore, § 59–10–18.7(G), [52–1–46 G] supra, provides that payments shall not exceed the maximum of $38 a week, and that no dependent nor any class thereof, other than a widow, widower, or children, shall be paid total benefits in excess of $5,000. This would seem to indicate that the intent of the legislature was to create at least two and possibly three classes: The class of dependent widow, widower, or children * * *; the class of dependent father and mother or the survivor thereof * * *; and possibly the class of dependent brother and sister, * * * *

As noted in 2 A. Larson, Workmen's Compensation § 62–10, at 11–1 (1981), the workmen's compensation laws of every state provide death benefits for the dependents of deceased workmen. Larson further observes that, under the various workmen's compensation statutes, as a general rule, there are "three main classes of claimants: (1) those who recover benefits on the strength of the relationship alone, without proof of actual dependency; (2) those who recover benefits, if, and only if, they prove actual dependency; and (3) those who could not recover benefits even if they proved actual dependency." 2 A. Larson, *supra*,

§ 62.19, at 11–4. New Mexico is one of a number of states that utilize a formula system whereby surviving parents (in the absence of surviving spouse or children) can receive a percentage of the average weekly benefits of the deceased workman. New Mexico also specifies a maximum limit on the total amount payable as death benefits for surviving parents.

The Utah court in *Kohler v. Industrial Commission*, 555 P.2d 293 (Utah 1976), although concerned with a constitutional challenge distinguishable from that involved here, recognized that the purpose of workmen's compensation laws are designed to provide security for an injured worker or his dependents for a temporary period. The court noted:

> The workmen's compensation laws largely are beneficent and permissive,— whose erstwhile unsanctioned assistance could not be insisted upon as a matter of vested right constitutionally or statutorily. They are sufficiently malleable to bend in reason but not so brittle as to break by the pressure of a rather tenuous and technical assault against them as may be the case here.

*Chapman v. Eastern Coal Corp.*, 519 S.W.2d 390 (Ct.App.Ky.1975), illustrates the equal protection analysis applicable to workmen's compensation laws. There, the court explained that classification fixed by the legislature does not violate the principle of uniformity, or of equal protection of the laws, if it has a reasonable basis, or rational justification. If the objective is legitimate and the classification is rationally related to that objective, it is not unconstitutionally arbitrary. In passing upon the validity of a legislative classification, it is the reason for, rather than the amount of, the difference in payments that is of primary importance.

■ To show a violation of equal protection, appellants must demonstrate that the legislation was clearly arbitrary and unreasonable, not just that it is possibly arbitrary and unreasonable. *Livingston v. Loffland Brothers Co.*, 86 N.M. 375, 524 P.2d 991 (Ct.App.), *cert. denied*, 86 N.M. 372, 524 P.2d 988 (1974). Under separation

of powers, courts may not inquire into statutory policy and may not substitute their views in the formulation of legislative provisions or classifications for those of the legislature. *Garcia v. Albuquerque Public Schools Board of Education*, 95 N.M. 391, 622 P.2d 699 (Ct.App.), *cert. quashed*, 95 N.M. 426, 622 P.2d 1046 (1981).

 As held in *Espanola Housing Authority v. Atencio*, 90 N.M. 787, 568 P.2d 1233 (1977), there is a presumption of the validity and regularity of legislative enactments. Courts must uphold the efficacy of statutes unless they are satisfied beyond all reasonable doubt that the legislature went outside the Constitution in enacting the challenged legislation. Speaking for the court in *Espanola Housing Authority*, Justice McManus held:

> When an equal protection challenge is leveled against a legislative classification, this court considers the guidelines set forth in *Davy v. McNeill*, 31 N.M. 7, 14, 240 P. 482, 486 (1925):
>
> "If the classification is reasonable, it is valid. It is in the first instance a legislative question as to whether or not the classification is reasonable; that is, could it have seemed reasonable to the Legislature even though such basis seems to be unreasonable, or is it arbitrary and unjust?"

Section 52–1–46(D), *supra*, evinces a legislative intention to create a separate category of surviving parents from that of other dependents in the award of death benefits and to authorize different benefit sums from those authorized for a surviving spouse or dependent children. This distinction and classification is not arbitrary. It has a reasonable basis prescribing a maximum recovery in the case of dependent parents, different from those allowed a surviving spouse or children. It is a rational distinction and falls within permissible scope of legislative policy determination.

As previously recognized in *Employers Mutual Liability Insurance Co. of Wisconsin v. Jarde, supra*, the legislature created a separate classification in § 52–1–46(G), *supra*, for surviving parents of a deceased workman. Establishment of surviving parents as a separate class for purposes of awarding death benefits, apart from that of surviving spouses and dependent children, is not an unconstitutional distinction, nor violative of equal protection of the laws.

In light of the fact that a basic objective of the Workmen's Compensation Act is to provide security for a temporary period, setting a different standard based on the degree of relationship is within sound legislative prerogatives. *See also, Cueto v. Stahmann Farms, Inc.*, 94 N.M. 223, 608 P.2d 535 (Ct.App.1980); *Shahan v. Beasley Hot Shot Service, Inc.*, 91 N.M. 462, 575 P.2d 1347 (Ct.App.), *cert. denied*, 91 N.M. 491, 576 P.2d 297 (1978).

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SUTIN and NEAL, JJ., concur.