678 P.2d 1184

**Frances L. VANDOLSEN, Individually and as next friend of Korbin Price, a minor, Plaintiff-Appellant,**

v.

**CONSTRUCTORS, INC., E.W. Douglass, and Cleo C. Douglass, his wife, Defendants-Appellees.**

**No. 7340.**

Court of Appeals of New Mexico.

March 6, 1984.

Certiorari Denied April 2, 1984.

David G. Reynolds, Hinkle, Cox, Eaton, Coffield & Hensley, Roswell, for plaintiff-appellant.

Jay W. Forbes, McCormick & Forbes, Carlsbad, for defendant-appellee Constructors, Inc.

W.T. Martin, Jr., Stephen E. Boatwright, Martin & Behles, Carlsbad, for defendants-appellees Douglass.

## OPINION

ALARID, Judge.

Plaintiff appeals from the Eddy County district court dismissal of his suit for failure to state a cause of action, pursuant to NMSA 1978, Civ.P.Rule 12(b)(6) (Repl. Pamp.1980). Plaintiff challenges the constitutionality of NMSA 1978, § 66–3–1013, alleging that it violates the equal protection guarantees of the New Mexico and United States Constitutions. We disagree, so we affirm.

## FACTS

Korbin Price was injured when the "dirt bike" he was riding on property belonging to E.W. Douglass fell into a fifty-foot deep excavation site cut across a private road by Constructors, Inc., lessee of the Douglass property. Plaintiff sued Douglass, his wife, and Constructors in negligence and strict liability. Constructors and the Douglasses moved to dismiss the complaint for failure to state a cause upon which relief can be granted, pursuant to Civ.P.R. 12(b)(6). Douglass did not answer the original complaint, but for purposes of the motion, admitted all the complaint's allegations; Constructors admitted it was a lessee of the Douglass property on which the accident occurred. No evidence having been adduced that Price paid a fee to use the property, the trial court granted the Rule 12(b)(6) motion to dismiss, with prejudice, citing Section 66–3–1013:

A. No landowner shall be held liable for damages arising out of off-highway motorcycle-related accidents or injuries occurring on his lands in which he is not directly involved, unless the entry on the lands is subject to payment of a fee.

B. It is unlawful to operate an off-highway motorcycle on private lands except with the express permission of the owner of the lands.

Plaintiff appeals from this decision and challenges the statute on constitutional grounds.

IS SECTION 66–3–1013 UNCONSTITUTIONAL IN THAT IT VIOLATES THE EQUAL PROTECTION CLAUSES OF THE NEW MEXICO AND UNITED STATES CONSTITUTIONS?

In considering the constitutionality of a statute, we indulge in every presumption favoring the legislative enactment's validity. *Aetna Finance Co. v. Gutierrez*, 96 N.M. 538, 632 P.2d 1176 (1981); *McGeehan v. Bunch*, 88 N.M. 308, 540 P.2d 238 (1975). Legislation must be upheld unless the court is satisfied beyond all reasonable doubt that the Legislature went outside the Constitution in enacting the challenged legislation. *Gallegos v. Homestake Mining Co.*, 97 N.M. 717, 643 P.2d 281 (Ct.App.1982). The standards for violation of the equal protection clauses of the United States and the New Mexico Constitu-

tions are similar. *Anaconda Co. v. Property Tax Dept.*, 94 N.M. 202, 608 P.2d 514 (Ct.App.1979), *cert. denied*, 94 N.M. 628, 614 P.2d 545 (1980). The equal protection clause does not prohibit different classifications for legislative purposes. *Aetna Finance Co.; Shope v. Don Coe Construction Co.*, 92 N.M. 508, 590 P.2d 656 (Ct. App.1979). However, a legislative classification may not be arbitrary or unreasonable and will be struck down if it is so devoid of reason to support it, as to amount to a mere caprice. *Aetna Finance Co.* If any state of facts can be reasonably conceived which will sustain the classification, there is a presumption that such facts exist. *Id.; Torres v. Village of Capitan*, 92 N.M. 64, 582 P.2d 1277 (1978).

■ Unless the challenged statute adversely affects fundamental personal rights, i.e., voting, or is drawn upon suspect classifications, i.e., race, religion, or alienage, the reviewing court presumes the constitutionality of the statutory discriminations and requires only that the classification challenged be *rationally related* to a legitimate State interest. *Torres v. Village of Capitan*, 92 N.M. 64, 582 P.2d 1277 (1978); *Garcia v. Albuquerque Public Schools Bd.*, 95 N.M. 391, 622 P.2d 699 (Ct.App.1980), *cert. quashed*, 95 N.M. 426, 622 P.2d 1046 (1981). A court is not to inquire into the wisdom, policy, or justness of the classification, and is not to substitute its views in selecting and classifying for those of the Legislature. *Gruschus v. Bureau of Revenue*, 74 N.M. 775, 339 P.2d 105 (1965). The Court stated in *Espanola Housing Authority v. Atencio*, 90 N.M. 787, 568 P.2d 1233 (1977):

> When an equal protection challenge is leveled against a legislative classification, this Court considers the guidelines set forth in *Davy v. McNeill*, 31 N.M. 7, 14, 240 P. 482, 486 (1925):
>
> > If the classification is reasonable, it is valid. It is in the first instance a legislative question as to whether or not the classification is reasonable; that is, could it have seemed reasonable to the Legislature even though such basis

> seems to the court to be unreasonable, or is it arbitrary and unjust?
>
> But "in order to avoid the constitutional prohibition [the classification] must be founded upon pertinent and real differences as distinguished from artificial ones. Mere difference, of itself, is not enough." *State v. Sunset Ditch Co.*, 48 N.M. 17, 25, 145 P.2d 219, 223 (1944).
>
> The test as to whether a statute is unconstitutional is very strict since any redeeming value of the classification is sufficient.

*Id.* at 789, 568 P.2d at 1235.

■ To determine if there is an equal protection violation, a court must consider the purpose of the statute. *Howell v. Burk*, 90 N.M. 688, 568 P.2d 214 (Ct.App.), *cert. denied*, 91 N.M. 3, 569 P.2d 413 (1977). As stated in *Howell:*

> It is not our function to question the social or economic policy which underlies the statute; our function is to determine whether it is unconstitutional. *McGeehan v. Bunch, supra.*

90 N.M. at 695, 568 P.2d at 221.

Plaintiff argues that the classification embodied in the Statute unreasonably singles out "off-highway motorcycles." An off-highway motorcycle means any motorcycle operated or used exclusively off the highways of this State. NMSA 1978, § 66–3–1002(B). The Statute in question shields landowners from liability from accidents involving such vehicles on their land where the landowner was not directly involved in the accident, and where entry onto the land is not subject to payment of a fee. Had Price been injured under the same facts while operating a jeep, dune buggy, bicycle, moped, "street" motorcycle, four-wheel drive truck or automobile, or a four-wheel drive all-terrain vehicle, potentially he could recover. The question before us is whether the Legislature acted unreasonably or arbitrarily in singling out "off-highway motorcycles" for treatment under the Statute.

Plaintiff specifically argues that Section 66–3–1013(A) is unreasonable in that it establishes a classification that is not based

upon a substantial difference between "off-highway motorcycles" and other off-highway vehicles, or vehicles that may be used off-highway. Plaintiff refers to a California statute, West's Ann.Civ.Code § 846 (Calif.). The purpose of that statute was to encourage private landowners to grant recreational access to their lands, and to encourage *free* recreational use of private lands. *Parish v. Lloyd,* 82 Cal.App.3d 785, 147 Cal.Rptr. 431 (1978). In *Lostritto v. Southern Pacific Transportation Co.,* 73 Cal.App.3d 737, 140 Cal.Rptr. 905 (1977), the court held the statute constitutional even though it listed most but did not list every possible recreational use or activity. Plaintiff argues that Section 66–3–1013(A) is unconstitutional in that it omits almost every type of recreational vehicle, whereas the California statute was upheld because it listed most recreational uses.

■ Plaintiff's comparison of Section 66–3–1013(A) with the California statute is flawed. Section 66–3–1013(A) does not have the same legislative purpose as the California statute. The New Mexico Legislature has enacted a statute, similar to that of California, which appears to have as its purpose encouraging private landowners to open up their lands for free recreational use. NMSA 1978, § 17–4–7. Section 17–4–7 limits the liability of landowners who allow recreational use of their lands where no fee is charged. On the other hand, Section 66–3–1013(A) clearly is intended to limit the use of private lands by operators of "off-highway motorcycles."

Plaintiff argues next that *McGeehan v. Bunch* dictates a holding of unconstitutionality of Section 66–3–1013(A). That case struck down the New Mexico guest statute as violative of equal protection. There, the court reasoned that "[t]here is no principle in our general legal scheme which dictates that one must pay for the right of protection from negligently inflicted injury." 88 N.M. at 311, 540 P.2d at 241. The traditional justifications of guest statutes had been to promote hospitality and to prevent collusion in insurance claims. *Id.* The *McGeehan* court held:

The classification fails not because it draws some distinction between paying and nonpaying guests, but because it penalizes nonpaying guests by depriving them completely of protection from ordinary negligence * * * * No matter how laudable the State's interest in promoting hospitality, it is irrational to reward generosity by allowing the host to abandon ordinary care and by denying to nonpaying guests the common law remedy for negligently inflicted injury. *We are unable to discern how the denial of recovery to guests will serve the cause of hospitality.*

*Id.* (emphasis added).

*McGeehan* can be distinguished. In that case, the court found that the guest statute bore no substantial and rational relationship, given new circumstances, to the Legislature's initial concerns in enacting it. In our case, new circumstances have given rise to new problems.

■ The Legislature is approaching the problem of a landowner's liability for injuries sustained during unauthorized use of the land for recreational purposes in a piecemeal fashion. The equal protection clause does not preclude this approach. *Williamson v. Lee Optical,* 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). The Legislature may address a phase of the problem which seems an area of acute concern. *Id.* The statutory classification seems reasonable in light of the Legislature's recognition that the operation of off-highway motorcycles is a potentially dangerous activity and that, except in limited circumstances, landowners ought not bear the cost of compensating operators injured on their land.

We have considered plaintiff's other arguments and find them without merit. Cases cited are either distinguishable because the courts found no rational relationship to legitimate State interests, or not dispositive, because the courts did not address the question of the Legislature's ability to address problems in a piecemeal fashion. *See Minnesota Board of Barber Ex-*

aminers v. Laurance, 218 N.W.2d 692 (Minn.1974); People v. McDonald, 67 Mich. App. 64, 240 N.W.2d 268 (1976); Leetham v. McGinn, 524 P.2d 323 (Utah 1974); New York State Hairdressers & Cosmetologists Assoc., Inc. v. Cuomo, 83 Misc.2d 154, 369 N.Y.S.2d 965 (1975); People of City of Ferndale v. Palazzolo, 62 Mich.App. 140, 233 N.W.2d 216 (1975).

The challenged statute, § 66–3–1013(A), is part of the "Off-Highway Motorcycle Act," NMSA 1978, § 66–3–1001, et seq. (the Act), which is an article in the "Motor Vehicle Code," Articles 1 through 8 of Chapter 66, NMSA 1978. The Act comprehensively covers the registration, licensing, and operation of "off-highway motorcycles." An "off-highway motorcycle" is defined as "any motorcycle operated or used exclusively off the highways of this state." § 66–3–1002(B). "Off-highway motorcycles" are excluded from operation on limited access highways and freeways. § 66–3–1011(A). Sections 66–3–1013(B) and 66–3–1016 provide that it is a petty misdemeanor violation for one to operate an "off-highway motorcycle" on private lands except with the landowner's express permission.

The Legislature has enacted provisions almost identical to those in Section 66–3–1013(A) with respect to the operation of snowmobiles on private lands and landowner liability. NMSA 1978, § 66–9–10(A). Section 66–9–10(A) is part of the "Snowmobile Act," § 66–9–1 et seq., which is also part of the "Motor Vehicle Code." It is not unreasonable for the Legislature to identify snowmobiles and dirt bikes as presenting similarly acute problems for landowners that other vehicles have not caused. Snowmobiles and dirt bikes are designed for off-road recreational use.

Other New Mexico statutes have been enacted to promote safety from hazards inherent or present in specific recreational activities. NMSA 1978, § 66–12–1 et seq. ("Boat Act"); NMSA 1978, § 24–15–1 et seq. (Repl.Pamp.1981) ("Ski Safety Act").

As was pointed out earlier, Section 17–4–7 limits the liability of landowners who permit persons to hunt, fish, or use lands for recreation, where no fee is paid. NMSA 1978, § 16–3–9 limits the liability of landowners who have granted the State a right-of-way or easement across their land for use in the State trails system. Such statutes, as does the Snowmobile Act, evidence the Legislature's decision to address piecemeal the problem of unauthorized recreational use.

In support of the constitutionality of the statute, Douglass argues:

> It is quite reasonable * * * for the legislature to anticipate that operators of dirt bikes (or snowmobiles) will utilize such vehicles in hazardous off-highway recreational activities. Therefore the classifications created under § 66–3–1013 (and its counterpart for snowmobiles, § 66–9–10) are logical and rationally related to the State's legitimate interests in promoting safety by discouraging a hazardous activity and in protecting its citizen private landowners from suits brought by trespassers injured while engaging in such activities.

Note, however, that not only trespassers are covered by the Act. Any person, even those on the land with the owner's permission, cannot recover from the landowner unless entry onto the land is subject to a fee. § 66–3–1013(A).

It would appear that the Legislature determined, in enacting Section 66–3–1013(A), that the use of vehicles off the highway is an inherently dangerous activity for which a landowner should not be liable unless the landowner opens his lands for that purpose and charges a fee. The Legislature has chosen to deal with this problem on a piecemeal basis, by only enacting legislation regulating "off-highway motorcycles" and snowmobiles. This approach is appropriate under the equal protection clause. McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); Schilb v. Kue-

*bel,* 404 U.S. 357, 92 S.Ct. 479, 30 L.Ed.2d 502 (1971).

In enacting Section 66–3–1013(A) the Legislature has determined, as a matter of public policy, that a landowner should not be liable to those who are using his land without having paid a fee. This decision on the part of the Legislature cannot, as a matter of law, be held to be unreasonable, arbitrary, capricious, or based on a suspect classification. Therefore, it cannot be said that the statute in question is violative of the equal protection clause of the Constitution, and the trial court's order is affirmed.

Plaintiff shall bear the costs of the appeal.

IT IS SO ORDERED.

HENDLEY and MINZNER, JJ., concur.