706 P.2d 158

**Placido SANCHEZ, as Personal Representative of the Estate of Placido Cristobal Sanchez, deceased, Plaintiff-Appellant,**

v.

**M.M. SUNDT CONSTRUCTION COMPANY, Defendant-Appellee,**

and

**Arizona Public Service Company, Defendant.**

No. 7964.

Court of Appeals of New Mexico.

Aug. 29, 1985.

Narciso Garcia, Jr., Toulouse, Toulouse & Garcia, Albuquerque, for plaintiff-appellant.

Judy A. Fry, Paul Maestas, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for defendant-appellee and defendant.

## OPINION

ALARID, Judge.

Placido Sanchez (plaintiff) appeals an order dismissing his complaint with prejudice against M.M. Sundt Construction Company (defendant). Plaintiff, as the personal representative of the estate of his son, Placido Cristobal Sanchez (Placido), brought a wrongful death action against defendant and Arizona Public Service Company. The trial court ordered the complaint against defendant dismissed under NMSA 1978, Sections 52–1–8 and –9, of the Workmen's Compensation Act (Act). These sections are the exclusive remedy provisions of the Act. Arizona Public Service Company is not involved in this appeal. We affirm.

## FACTS

It is undisputed that (1) Placido was an employee of defendant; (2) he was injured when he fell from an iron beam while performing services during the course and arising out of his employment; (3) he died eight days later on August 8, 1981 as a result of the injuries; (4) defendant was properly insured for workmen's compensation; and (5) Placido was not married and left no eligible dependents under the Act. Plaintiff, at the time of his son's injury and subsequent death, was not dependent upon his son for support or care.

## DISCUSSION

Plaintiff contends that Sections 52–1–8 and –9 violate the equal protection clauses of the United States and New Mexico Constitutions when applied to the case of a deceased worker with no eligible dependents under the Act. Section 52–1–8 provides, in pertinent part:

Any employer who has complied with the provisions of the Workmen's Compensation Act [52–1–1 to 52–1–69 NMSA 1978] relating to insurance, or any of the employees of the employer, including management and supervisory employees,

shall not be subject to any other liability whatsoever for the death of or personal injury to any employee, except as provided in the Workmen's Compensation Act, and all causes of action, actions at law, suits in equity and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to, any such employee and accruing to any and all persons whomsoever, are hereby abolished except as provided in the Workmen's Compensation Act.

Section 52–1–9 provides, additionally, that the right to compensation under the Act is "in lieu of" any other liability. NMSA 1978, Section 52–1–46(A) limits compensation for the death of a worker with no eligible dependents, with certain exceptions, to (1) $1,500 for funeral expenses; (2) the expenses provided for medical and hospital services; and (3) all other amounts which the worker should have been paid for compensation until the time of his death.

Plaintiff argues that because the exclusive remedy provisions limit recovery to the terms of Section 52–1–46(A), and bar a wrongful death action, a deceased workman without eligible dependents is not accorded equal protection of the law with (1) a deceased workman with eligible dependents, or with (2) a tort victim fatally injured outside the course and scope of his employment and, consequently, not subject to the Act. In the first instance, eligible dependents receive compensation benefits for the death, under Section 52–1–46(B)–(F), in addition to the expenses enumerated for non-dependents in subsection (A). In the second instance, the personal representative of a tort victim injured outside the course and scope of his employment may maintain an action for wrongful death under NMSA 1978, Sections 41–2–1 to –3 (Repl.Pamp. 1982).

Plaintiff contends that, in the first instance, the classifications set out in Section 52–1–46 violate equal protection because the classifications do not further the purpose of the Act. In the second instance,

plaintiff contends that barring non-dependent survivors from pursuing a wrongful death action, while permitting another class of non-dependent plaintiffs to bring such actions, is arbitrary, unreasonable and violative of equal protection. Plaintiff urges this court to fashion an exception to the exclusive remedy provisions, and to permit plaintiff, on this set of facts, to proceed with a wrongful death action.

■ To demonstrate an equal protection violation, plaintiff must show that the legislation in question is clearly arbitrary and unreasonable, not just that it is possibly so. *Gallegos v. Homestake Mining Co.*, 97 N.M. 717, 643 P.2d 281 (Ct.App. 1982). As we stated in *Gallegos*, "[c]ourts must uphold the efficacy of statutes unless they are satisfied beyond all reasonable doubt that the legislature went outside the Constitution in enacting the challenged legislation." *Id.* 97 N.M. at 723, 643 P.2d 281. In focusing upon the classification between non-dependent survivors and dependent survivors, and the classification between non-dependent survivors under workmen's compensation and survivors of tort victims outside the scope of workmen's compensation, we inquire into the purpose of the Act and the relationship of the classification to the objective. *Id.* at 722, 643 P.2d 281; *Howell v. Burk*, 90 N.M. 688, 568 P.2d 214 (Ct.App.1977). If the purpose or objective of the Act is legitimate and the classification "is rationally related to that objective, it [classification] is not unconstitutionally arbitrary" *Gallegos*, 97 N.M. at 722, 643 P.2d 281.

■ "The primary purpose of the Workmen's Compensation Act is to keep an injured workman and his family at least minimally secure financially", *Aranda v. Mississippi Chemical Corp.*, 93 N.M. 412, 416, 600 P.2d 1202, 1206 (Ct.App.1979), and to prevent a workman and his family from becoming public charges. *Paternoster v. La Cuesta Cabinets, Inc.*, 101 N.M. 773, 689 P.2d 289 (Ct.App.1984). The Act, in effect, is designed to supplant the uncertainties of tort remedies and the burden of establishing an employer's negligence with

a system of expeditious and scheduled payments of lost wages based on accidental injury or death in the course and scope of employment. *Gonzales v. Chino Copper Co.*, 29 N.M. 228, 222 P. 903 (1924). Within this system, the exclusive remedy provisions represent "a balance between the worker's need for expeditious payment and the employer's need to limit liability [from tort actions]." *Kent Nowlin Construction Co. v. Gutierrez*, 99 N.M. 389, 390, 658 P.2d 1116, 1117 (1982).

■ It is clear that the limitation of death benefits embodied in Section 52–1–46(A) is rationally related to the Act's purpose. The scheme of this Act focuses on the welfare of dependent survivors of a deceased workman, and not on the welfare of those financially independent of the workman. Only this dependent class is in danger of becoming public charges upon the workman's death. Setting a different, and a more expansive, remedy provision for this class is thus well within legislative prerogatives, and is not violative of equal protection. *See Gallegos.*

■ The next inquiry is whether the classification imposed, in effect, by the exclusive remedy provisions violates equal protection requirements. These provisions effectively classify non-dependent survivors of the workman differently than the survivors of tort victims fatally injured outside the course and scope of their employment. Again, the purpose of the Act and the relationship of the classification to the purpose is the relevant question. Because the Act provides for expeditious payment to the workman or his dependents without a showing of employer's fault, it requires, in return, a limitation on the liability of the employer from common-law tort actions. The stated purpose is legitimate, and the exclusive remedy and the classification it imposes is rationally related to the purpose. *Kent Nowlin.* The fact that operation of the Act, through the exclusive remedy provisions, does not provide a recovery of tort damages for the non-dependent survivors is not fatal. An exclusive remedy provision is not unreasonable nor arbitrary "merely be-

cause the legislature failed to make provision for every possible contingency." *Leech v. Georgia-Pacific Corp.*, 259 Or. 161, 169, 485 P.2d 1195, 1199 (1971). The United States Supreme Court concluded in *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970), in discussing an equal protection challenge to a Maryland welfare grant regulation, that:

> In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis', it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369.

We recognize that the standards for violation of the equal protection clauses of the United States Constitution and the New Mexico Constitution are similar. *Vandolsen v. Constructors, Inc.*, 101 N.M. 109, 678 P.2d 1184 (Ct.App.1984). That some inequality results from the classification imposed by the exclusive remedy provision on the class of non-dependent survivors is not indicative of a constitutional violation. *Dandridge.*

Plaintiff, secondarily, argues that another basic objective of the Act is to promote occupational safety, and that the compensation limitations imposed under Section 52–1–46(A), coupled with the exclusive remedy bar, will encourage employers to place employees without eligible dependents in the jobs carrying the greatest hazards, and thereby frustrate the safety objective. The employer, according to plaintiff, has no economic incentive to minimize the hazards of the workplace so long as he employs workers without dependents who will, upon death, be subject to the limiting provisions of Section 52–1–46(A) and the exclusive remedy provisions. Plaintiff cites *Guitard v. Gulf Oil Co.*, 100 N.M. 358, 670 P.2d 969 (Ct.App.1983) for the proposition that the

Act is designed to promote safety. *Guitard*, however, dealt only with the safety objectives behind the anti-indemnity statute, NMSA 1978, Section 56–7–2(A), and did not discuss the purposes of the Act. While the promotion of safety in the workplace is not the central concern of the Act, the Act does penalize an employer who fails to provide safety devices required by law, or reasonable safety devices in general use for the protection of the workman, when an injury or death results from such failure. NMSA 1978, § 52–1–10(B) and (C). We note that an exception to the limitations of Section 52–1–46(A) is triggered when this failure occurs, and that under Section 52–1–10(C), compensation in the amount of $5,000. shall be paid to the surviving mother and father of a deceased workman with no eligible dependents. The legislature, therefore, has constructed a punitive measure surrounding safety violations specifically for the deceased workman with no eligible dependents.

The order of the trial court dismissing plaintiff's complaint against defendant with prejudice is affirmed. Each party will bear its costs on appeal.

IT IS SO ORDERED.

DONNELLY, C.J., and HENDLEY, J., concur.